COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-401-CR
  
  
RONALD LEE KAMMERER                                                       APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 355TH DISTRICT COURT OF HOOD 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
September 2000, Appellant Ronald Lee Kammerer pled guilty to felony DWI pursuant 
to a plea bargain.  The trial court found him guilty and sentenced him to a 
two-year driver's license suspension, a $1,500 fine, and ten years' confinement 
in the Institutional Division of the Texas Department of Criminal Justice, 
probated for ten years.  Less than sixteen months later, the State filed a 
motion to revoke Appellant's community supervision.  After Appellant pled 
true to certain allegations in the motion and after a hearing, the trial court 
revoked Appellant's community supervision and reduced the confinement portion of 
his sentence to eight years.  The Texas Court of Criminal Appeals granted 
Appellant an out-of-time appeal based on the trial court's findings of fact and 
conclusions of law providing that trial counsel rendered ineffective assistance 
by failing to file a timely appeal.  In three points, Appellant appeals 
from the revocation.  Because we hold that the trial court did not err and 
that the record does not show ineffective assistance of counsel before the trial 
court entered the judgment of revocation, we affirm the trial court's judgment.
        In 
his first point, Appellant contends that he was denied due process of law 
because the State failed to prove by a preponderance of the evidence that he 
violated a condition of probation as alleged in its motion to revoke.  In 
his second point, Appellant contends that the evidence is insufficient to 
support a finding that he violated his probation by failing to avoid “vicious 
or injurious habits.”
        We 
review an order revoking community supervision under an abuse of discretion 
standard.[2] Proof by a preponderance of the evidence 
of any one of the alleged violations of the conditions of community supervision 
is sufficient to support a revocation order.[3]  
A plea of true, standing alone, is sufficient to support the revocation of 
community supervision.[4]
        The 
judgment placing Appellant on community supervision provides in relevant part:
 
[D]uring the term of this supervision the Defendant SHALL:
. . . .
2. Avoid 
vicious or injurious habits, abstain from the use of controlled substances, 
alcohol, dangerous drugs, inhalants and narcotics or habit forming drugs without 
a doctor's prescription.
 
The State's motion to 
revoke alleged, among other violations, that Appellant used and tested positive 
for alcohol.  Appellant pled true to these allegations.  Appellant 
also testified that he had two drinks to calm him down because he was off his 
anti-depression and anti-anxiety medication.  Appellant's plea of true, 
standing alone, is sufficient to support the revocation.[5]  
We therefore overrule Appellant’s first two points.
        In 
his third point, Appellant contends that he was denied due course of law at the 
revocation hearing when counsel did not investigate the facts or law or discuss 
the motion to revoke with him.  Appellant concedes that the trial record 
does not show that trial counsel failed to adequately review the revocation 
proceedings or inform his client; instead, it shows only that trial counsel was 
held in contempt for being late to the hearing.  Appellant argues, however, 
that the trial court's finding that counsel was ineffective for not filing a 
notice of appeal should defeat the presumption of reasonable professional 
assistance.  The Texas Court of Criminal Appeals has already relied on that 
finding to grant Appellant relief—an out-of-time appeal. Applying the 
appropriate standard of review,[6] we hold that 
Appellant has failed to show that his trial counsel performed deficiently before 
the trial court pronounced his sentence and also consequently failed to show 
that any deficient performance prejudiced his defense.  We therefore 
overrule Appellant’s third point.
        Having 
overruled Appellant's points, we affirm the trial court's judgment.
  
                                                                  PER 
CURIAM
  
 
PANEL F:   DAUPHINOT, 
GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: September 30, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  Cardona 
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State, 
645 S.W.2d 303, 305 (Tex. Crim. App. 1983).
3.  Moore 
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Sanchez v. State, 
603 S.W.2d 869, 871 (Tex. Crim. App. 1980).
4.  Cole 
v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).
5.  See 
id.
6.  See 
Strickland v. Washington, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 
2064-66, 2068 (1984); Thompson v. State, 9 S.W.3d 808, 812-14 (Tex. Crim. 
App. 1999).