11th Court of Appeals
Eastland, Texas
Opinion
 
Andrew Hodge Mayweather
            Appellant
Vs.                  No. 11-04-00045-CR -- Appeal from Ector County
State of Texas
            Appellee
 
            Upon appellant’s plea of guilty, the trial court found him guilty of the offense of possession
of cocaine, 4 grams or more but less than 200 grams, a second degree felony. The trial court
assessed appellant’s punishment at confinement for 5 years and a $500 fine and suspended
appellant’s driver’s license for 180 days. The trial court suspended the imposition of sentence and
placed appellant on community supervision for a term of 5 years. After several hearings on motions
to revoke, the trial court ultimately revoked appellant’s probation and imposed the sentence. 
Appellant’s counsel has filed a motion to withdraw and has accompanied the motion with a frivolous
appeal brief. See Anders v. California, 386 U.S. 738 (1967). We grant counsel’s motion to with-draw and affirm the judgment of the trial court. Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.
1969).
            In his brief, counsel concludes, after a professional and conscientious examination and
evaluation of the record, that the appeal is frivolous. Counsel details the record, discusses the facts
and applicable law, and makes appropriate record references.
            Appellant’s attorney raises two possible arguable issues. The first issue is that the trial court
abused its discretion when it revoked appellant’s community supervision. The second issue involves
an ineffective assistance of counsel claim.
            In connection with the first issue, counsel discusses the evidence and questions the
sufficiency of the evidence to support some of the allegations in the motion to revoke. However,
counsel also notes that, because the evidence is sufficient to support at least one of the allegations,
the trial court did not abuse its discretion. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex.Cr.App.
1980).
            Regarding the second issue, counsel notes that appellant had asked for a different trial
attorney and did not get one. Counsel reviews the record but determines that appellant could not
overcome the strong presumption that trial counsel’s conduct was reasonable and that he could not
sustain his burden of proving a claim of ineffective assistance of counsel. Mallett v. State, 65
S.W.3d 59, 63 (Tex.Cr.App.2001).
            Counsel furnished appellant with a copy of the brief and motion and advised appellant of his
right to file a pro se brief. A pro se brief has not been filed, and the time for filing a pro se brief has
passed.
            As required by Anders and its progeny, we have conducted an independent examination of
the proceedings and have determined that there are no arguable points to present on appeal.
            Counsel has complied with Anders v. California, supra; Stafford v. State, 813 S.W.2d 503
(Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d
684 (Tex.Cr.App.1974); and Gainous v. State, supra. See Eaden v. State, ___ S.W.3d ___ (No. 11-03-00405-CR, Tex.App. - Eastland, February 10, 2005)(not yet reported).
            Counsel’s motion to withdraw is granted, and the judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
February 10, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.