11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David
Franks

Appellant

Vs.                   No. 11-04-00187-CR -- Appeal from Howard County

State
of Texas

Appellee

 

After a 
nonjury hearing, the trial court revoked community supervision and
sentenced David Franks to confinement for five years. We affirm.

                                                                Background
Facts

Appellant was convicted of burglary of a vehicle
and placed on community supervision on August 23, 2000.  The Community Supervision and Corrections
Department filed a motion for revocation which alleged that appellant violated
six of the terms and conditions of his community supervision.  The State waived two of the allegations, and
there was testimony on the other four allegations.  The trial court made a finding of true on
only one of the alleged violations.  That
was the allegation in Paragraph No. 3, and it reads in relevant part as shown:

[O]n
or about the 10th day of April, 2004, in the County of Howard, State of Texas,
David Franks [did] then and there intentionally prevent or obstruct Deputy
David Wood, a person he knew to be a peace officer, from effecting an arrest or
search of David Franks, by using force against said peace officer, to-wit:  struggling and jerked up and to the side
which put Deputy Wood=s
arm in unnatural position and dislocated his right shoulder.

 

Testimony about that allegation is all that need be
discussed.  

There were six witnesses who testified at the
revocation hearing on June 2, 2004. 
Appellant=s
probation officer and two law enforcement officers testified for the
State.  The other  three testified for appellant. 








Deputy David Wood testified that he was employed
by the Howard County Sheriff=s
Office and that he was a certified peace officer.  Relevant portions of his testimony read as
shown:

Q: It=s
been alleged in this Motion to Revoke that on or about the 10th day of April,
you had some contact with David Franks, the Defendant; is that correct?

 

A: That=s
correct, yes, sir.

 

Q: And it=s
further alleged that you were trying to arrest Mr. Franks and he resisted you;
is that right?

 

A: That=s
correct.

 

Q: Explain to the Court what happened.

 

A: Myself and Deputy Pat Carter went to a
residence on the southeast part of Big Spring to serve a felony warrant on Mr.
Franks, I believe, for deadly conduct.

 

We arrived at the scene.  A lady answered the door....Upon searching a
bedroom while opening the door, I observed Mr. Frank on the other side of the
door.  

I did not know him previous to that contact, but
he fit the description of the wanted suspect. 
I advised him he was under arrest and he slammed the door in my face.

 

[DEPUTY
WOOD TESTIFIED THAT HE CONTACTED THE DISPATCHER FOR ASSISTANCE.  AFTER SEVERAL MORE OFFICERS ARRIVED,
APPELLANT OPENED THE DOOR].

 

I  gave him commands to go down on his knees,
cross his ankles.  

 

I approached him. 
We got him down on the ground, handcuffed him, got him up.  At the point in which we got him to his feet,
he continued to resist.

 

The other officers kind of swarmed in and assisted
with that situation.  As we got to the
door, he continued to jerk away and resist. 
I attempted to employ an upper body control hold at which time, in his
thrashing motions, my right shoulder became dislocated.  

 

                                                                Trial
Court=s Ruling

The trial court found that the evidence was
sufficient to support a finding of Atrue@ to the allegation in Paragraph No. 3
that appellant had used force against a police officer during appellant=s arrest on April 10, 2004.   The trial court then revoked appellant=s community supervision. 

                                                          Issue
Presented for Review

Appellant argues that the trial court erred in
revoking his community supervision because the evidence was both legally and
factually insufficient to support the finding that he resisted arrest as
alleged in the motion to revoke. 

                                                                        Opinion

An appellate court reviews a trial court=s order revoking community supervision
under an abuse of discretion standard.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex.Cr.App.1984); Jackson v. State,
645 S.W.2d 303, 305 (Tex.Cr.App.1983). 
At a revocation hearing, the State bears the burden of proving by a
preponderance of the evidence that the defendant violated the terms of
community supervision.  Cobb v. State,
851 S.W.2d 871, 873 (Tex.Cr.App.1993). 
Proof of any one of the alleged violations is sufficient to support the
revocation.  Moore v. State, 605
S.W.2d 924, 926 (Tex.Cr.App.1980); Sanchez v. State, 603 S.W.2d 869, 871
(Tex.Cr.App.1980).  At a revocation
hearing, the trial court is the sole judge of the credibility of the witnesses
and of the weight to be given to the testimony; and, on appeal, the evidence
must be viewed in the light most favorable to the trial court=s ruling.  Cardona v. State, supra at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex.Cr.App.1981).

TEX. PEN. CODE ANN. '
38.03 (Vernon 2003) provides in relevant part that a person commits an offense
if he intentionally prevents or obstructs a peace officer from Aeffecting an arrest, search or
transportation of the actor or another@
by using force against the peace officer.      

The trial court did not abuse its discretion in
revoking appellant=s
community supervision.  The testimony by
Deputy Wood was both legally and factually sufficient to support the trial
court=s finding
that appellant used force against a peace officer during appellant=s arrest on an outstanding
warrant.  








                                                    This Court=s Ruling

The order of the trial court is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

 

August 11, 2005

Do not publish.  See TEX.R.APP.P.
47.2(b). 

Panel
consists of:  Wright, J., and

McCall,
J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.