Opinion filed July 15,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00030-CR 

                                                    __________

 

                                SHAUN
HUDDLESTON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 367th District Court

 

                                                           Denton
County, Texas

 

                                              Trial Court
Cause No. F-2007-2494-E

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from a judgment revoking community supervision.  Shaun Huddleston
was originally convicted upon his plea of guilty to the offense of burglary of
a habitation.  Pursuant to a plea bargain agreement, the trial court convicted
appellant and assessed his punishment at confinement for ten years and a $1,000
fine, but the confinement portion of the sentence was suspended and appellant
was placed on community supervision for seven years.   The State later filed a
motion to revoke community supervision, alleging that appellant had violated
the terms of his community supervision by burglarizing a building.  The trial
court revoked appellant’s community supervision and assessed his punishment at
confinement for six years and a $1,000 fine.  We affirm.

In
his sole issue on appeal, appellant contends that the evidence is insufficient
to support the revocation.  We review an order revoking community supervision
under an abuse of discretion standard.  Rickels v. State, 202 S.W.3d
759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984).  At a revocation hearing, the State bears the burden of
proving by a preponderance of the evidence that the defendant violated the
terms and conditions of his community supervision.[1] 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  Proof of any
one of the alleged violations of the conditions of community supervision is
sufficient to support a revocation order.  Moore v. State, 605 S.W.2d
924, 926 (Tex. Crim. App. 1980); Sanchez v. State, 603 S.W.2d 869, 871
(Tex. Crim. App. 1980).  At a revocation hearing, the trial court is the sole
judge of the credibility of the witnesses and of the weight to be given their
testimony, and we must view the evidence in the light most favorable to the
trial court’s ruling.  Cardona, 665 S.W.2d at 493; Garrett v. State,
619 S.W.2d 172, 174 (Tex. Crim. App. 1981).  

            The
record from the revocation hearing shows that police were dispatched to Public
Storage after receiving a call from Donata McCulloch that a man with bolt
cutters in his hand entered through the fence.  McCulloch noticed that the
fence had been cut.  When police arrived, they saw appellant, who matched the
description given by McCulloch, at the bus stop across the street from the
storage facility.  As the police pulled up, appellant began walking away from
the bus stop.  The police detained appellant.  Appellant was carrying a guitar
in a box.  An air mattress was located at the bus stop.  McCulloch drove by
during appellant’s detention and identified appellant as the man she had seen entering
through the fence at the storage facility.   At the hearing, she could only
testify that appellant looked similar to the man she had seen. 

            Testimony
from the responding police officer showed that the fence had been cut, that
locks to three storage units had been snipped, and that one unit had been
ransacked.  Thomas Anthony Irvin testified that he rented the unit that had
been broken into and ransacked.  He identified the guitar and the air mattress
as his and testified that they had been taken from his storage unit without his
consent.

            Appellant
testified that the guitar and the air mattress belonged to him.  He said that
his girlfriend’s father had given him the air mattress.  Appellant’s girlfriend
testified that her father had given appellant at least one air mattress:  a
blue one with duct tape.  The air mattress obtained by police at the bus stop
was green and beige striped and had no duct tape.

            We
hold that the trial court could have found by a preponderance of the evidence
that appellant committed or attempted to commit burglary as alleged in the
motion to revoke.  Thus, the trial court did not abuse its discretion in
revoking appellant’s community supervision.  Appellant’s issue is overruled.

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

July 15, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that appellant contends that, because his
revocation is based solely upon circumstantial evidence, the State must have
disproved every reasonable hypothesis other than appellant’s guilt.  The
reasonable-hypothesis construct urged by appellant and acquiesced in by the
State in this case has been rejected by the Texas Court of Criminal Appeals and
is no longer used as a measure of legal sufficiency.  Wilson v. State, 7
S.W.3d 136, 141 (Tex. Crim. App. 1999); Geesa v. State, 820 S.W.2d 154,
160-61 (Tex. Crim. App. 1991).