Carlos SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 63954.

Court of Criminal Appeals of Texas, Panel No. 1.

June 11, 1980.

Rehearing Denied Sept. 10, 1980.

---

Robin R. Norris, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Stuart L. Leeds, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation.

On January 23, 1976, the appellant pled guilty to the offense of burglary of a building. Punishment was assessed at imprisonment for five years. The imposition of the sentence was suspended and the appellant was placed on probation.

The terms of appellant's probation were modified four times but on June 29, 1979, the trial court conducted a hearing on the State's Motion to Revoke Probation. The court revoked probation and sentence was imposed.

The appellant contends that the trial court failed upon request to file written findings of fact and conclusions of law. The appellant also argues that the modifications of his probation violated due process. The appellant asserts that the trial court erred in using the same grounds for revoking probation as were used for modifying his probation.

The appellant's contention that the trial court failed to file written findings of facts and conclusions of law is without merit since the trial court did in fact file its findings of fact prior to the record being transmitted to this Court. There was no error. *Barrow v. State*, 505 S.W.2d 808 (Tex.Cr.App.1974).

The appellant next argues that the modifications of the terms of his probation violated due process of law because the order to modify was conducted without a hearing. The original terms of probation ordered the appellant to report to a specific probation officer on the first and tenth of each month. Through two orders of modification the appellant was ordered to report to a different named probation officer each Monday and Friday and to orally ingest antabuse. The trial court found that the appellant failed to report five consecutive times.

We cannot agree that such modifications without a hearing violate due process of law. The terms imposed upon the appellant could have been included in the original probation conditions. Art. 42.12, Sec. 6, V.A.C.C.P. The terms were not unreasonable. Nor does the appellant contend that he was not given notice of the changes in the terms of his probation. Appellant was not entitled to a hearing concerning the modification of his probation for the trial court "may, at any time, during the period of probation alter or modify the conditions." Art. 42.12, Sec. 6, V.A.C.C.P.

The appellant also contends that it was error for the trial court to use the same probation violation to revoke probation as had been used to modify the probation previously. However, the record fails to reveal

that the same grounds were used to both modify and revoke the probation. After the terms of probation were modified the appellant failed to report to his probation officer as required by the modified terms of probation.

 Appellant also raises other grounds of error but they concern other probation violations used as grounds for revocation. There is one sufficient ground for revocation, the failure to report, and we do not need to address the other contentions raised since the one probation violation will support the court's order to revoke probation. *Jones v. State*, 571 S.W.2d 191 (Tex. Cr.App.1978). The trial court did not abuse its discretion in revoking probation.

The judgment is affirmed.