**238**

Margaret Ann JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–82–0181–CR.

Court of Appeals of Texas,
Amarillo.

Aug. 13, 1982.

Vicki L. Foster, Lubbock, for appellant.

John T. Montford, Criminal Dist. Atty., Yvonne M. Faulks, First Asst. Criminal Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Margaret Ann Johnson pleaded guilty to the offense of theft of property of the value of $200 but less than $10,000, Tex. Penal Code Ann. § 31.03(b)(1) (1981), and her sentence of six years was probated.

Later, on the State's application and after a hearing, the trial court revoked her probation and sentenced her to serve six years in the Texas Department of Corrections. We affirm the revocation of probation.

The State alleged, *inter alia*, and the trial court found that appellant had violated the terms and conditions of her probation by committing the offense of theft and by failing to report as directed during five consecutive months. On appeal, appellant contends that the evidence was not sufficient to show either violation.

The uncontradicted testimony of appellant's probation officer was that she failed to report on the months alleged in the application. "Thus, as an evidentiary matter, a violation of a condition of probation has been shown with the sufficiency required by due process protections." *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Cr.App.1979). This probation violation will support the order revoking probation, and we do not need to address the sufficiency of the evidence to show the alleged theft. *Sanchez v. State*, 603 S.W.2d 869, 870 (Tex. Cr.App.1980). Appellant's first ground of error is overruled.

For the same reason, we need not discuss appellant's remaining contentions, *viz.*, that the State failed to show her intent to commit the theft, and that the trial court erred in failing to grant her motion for continuance so that she might obtain witnesses to support her defense to the theft allegation. *Id.* The evidence being sufficient to show a violation of one of the conditions of appellant's probation, the trial court's discretion "to choose the alternative of revocation is at least substantially absolute." *Flournoy v. State, supra*, at 709.

The judgment is affirmed.