TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00498-CR


NO. 03-96-00499-CR







Gary Lynn Hunnicutt, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NOS. 92800 & 091911, HONORABLE JON N. WISSER, JUDGE PRESIDING




 Gary Lynn Hunnicutt appeals from two orders revoking the community supervision to which
he had been sentenced for his 1990 convictions for sexual assault of a child and bail jumping. See Tex.
Penal Code Ann. § 22.011, 38.10 (West 1994). Following the revocation, the trial court assessed
appellant's punishment at eight years' imprisonment. In two points of error, appellant contends the trial
court (1) erred by admitting a hearsay statement at the revocation hearing, and (2) abused its discretion in
revoking his community supervision because there was insufficient evidence that he violated a condition of
supervision. We will affirm the trial court's orders.


FACTUAL AND PROCEDURAL BACKGROUND


 In January 1990, appellant entered pleas of guilty to sexual assault of a child and bail
jumping. In accordance with the plea bargain, the trial judge sentenced appellant to ten years in the Texas
Department of Corrections for each offense, but under Article 42.12 of the Texas Code of Criminal
Procedure granted appellant ten years' community supervision in each case, subject to certain conditions. 
In May 1996, the State filed motions to revoke appellant's supervision, in response to which appellant
entered pleas of "not true." After the revocation hearing, the trial court revoked appellant's community
supervision, finding in its formal orders of revocation that appellant had violated his conditions of supervision
by (1) failing to pay court costs, attorney's fees, Crime Stoppers, and community service fees, totaling
$975.33; and (2) committing a subsequent criminal offense, specifically, that he


intentionally and knowingly engage[d] in sexual conduct with [R.G.], a child younger then
17 years and not the spouse of the said, Gary Lynn Hunnicutt by then and there touching
the anus of the said, [R.G], with intent to arouse and gratify the sexual desire of the said
Gary Lynn Hunnicutt.



Appellant challenges these findings in his appeal.


DISCUSSION


 In a proceeding to revoke community supervision, the burden of proof is on the state to
show by a preponderance of the evidence that the probationer violated a condition of supervision. Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); see also Jenkins v. State, 740 S.W.2d 435,
437 (Tex. Crim. App. 1987). That evidence must create a reasonable belief that the probationer has
violated a condition of supervision as alleged by the state. Jenkins, 740 S.W.2d at 437. When the state
has sustained its burden, the decision to revoke community supervision is within the trial court's discretion. 
Flournoy v. State, 589 S.W.2d 705, 707 (Tex. Crim. App. 1979). In a revocation proceeding, the trial
court is the trier of fact and the judge of both the credibility of the witnesses and the weight to be given their
testimony. Garret v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Proof by a preponderance
of the evidence of any single violation of a condition of supervision is sufficient to support the order of
revocation. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). The appellate court
reviews the evidence in the light most favorable to the trial court's judgment. Ortega v. State, 860 S.W.2d
561, 564 (Tex. App.--Austin 1993, no pet.).

 In his second point of error, appellant contends the trial court abused its discretion by
revoking his community supervision because the evidence was insufficient to prove that he violated any
condition of supervision, namely, that he committed a subsequent crime or intentionally failed to pay costs
and fees. Appellant does not deny that he failed to pay the required costs and fees. Rather, he challenges
the sufficiency of the State's evidence to show that his failure was intentional. Appellant cites the following
evidence of his inability to pay as demonstrating that his failure was not intentional: he was not required to
pay for counseling; the court waived some of the supervision fees; and he is proceeding in forma pauperis
in this appeal.

 The court of criminal appeals has held that inability to pay is an affirmative defense to
revocation "regardless of whether a violation of another condition of probation is alleged." Stanfield v.
State, 718 S.W.2d 734, 737 (Tex. Crim. App. 1986); see Tex. Code Crim. Proc. Ann. art. 42.12, §
21(c) (West Supp. 1997). When the probationer raises the affirmative defense of inability to pay fees and
costs required by the conditions of community supervision, he must prove the affirmative defense by a
preponderance of the evidence. Ortega, 860 S.W.2d at 567; see Stanfield, 718 S.W.2d at 738. 
Therefore, once the State demonstrates the failure to pay, the probationer, not the state, has the burden
of producing evidence and the ultimate burden of persuasion on the issue of inability to pay. Stanfield, 718
S.W.2d at 737. We do not find in this record, however, any indication that appellant raised inability to pay
as a defense before the trial court.

 Nonetheless, even if the probationer fails to raise the affirmative defense of inability to pay,
the State still has the burden to prove that the defendant intentionally failed to pay fees and costs. Ortega,
860 S.W.2d at 567. Ability to pay is considered a factor relevant to intent. Stanfield, 718 S.W.2d at
738. "One who has the ability to pay that which he is required to pay but does not, without more, leaves
a fact finder with a strong inference that his failure is intentional." Id.

 In the present case, the record contains evidence that appellant's failure to pay was
intentional: the evidence at the revocation hearing showed that appellant is employed and receives a
monthly income of six-hundred dollars; there is no evidence of expenses or periods of unemployment. 
Also, the record is silent on whether appellant has any dependents to support or rent to pay. Cf. Ortega,
860 S.W.2d at 566-67 (evidence sufficient to support finding of inability to pay, where probationer went
through periods of unemployment and was responsible for supporting his family and paying rent). Evidence
was presented that appellant purchased a portable phone and beeper during the time he was failing to pay
community supervision fees. In addition, appellant obviously knew that he was required to pay fees and
costs, because he had already paid a total of $736.95 in fees and costs. Moreover, the record reflects only
that appellant could not afford counseling; it does not reflect that he was unable to pay the fees and costs
as ordered by the court. We conclude, therefore, that it was within the trial court's discretion to find that
appellant violated a condition of his community supervision by intentionally failing to pay the required fees
and costs.

 We hold that the record contains sufficient evidence to support the trial court's finding that
appellant intentionally failed to pay costs and fees, as required by his community supervision. Therefore,
because a single violation of a condition of community supervision is sufficient to support revocation, we
do not address appellant's other complaints regarding whether he committed a subsequent crime or
whether the trial court erroneously admitted a hearsay statement pertaining to the subsequent-crime
allegation.


CONCLUSION

 We affirm the order revoking community supervision.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Affirm

Filed: May 1, 1997

Do Not Publish



EM>Sanchez v. State, 603 S.W.2d 869, 871 (T