# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00437-CR

**Kent Monday, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 47622, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In September 1997, appellant Kent Monday was convicted of felony driving while intoxicated following a plea of guilty. *See* Tex. Pen. Code Ann. § 49.04(a) (West 2003), § 49.09(b) (West Supp. 2004-05). Monday was sentenced to five years in prison, but imposition of sentence was suspended and he was placed on community supervision. A motion to revoke was filed in November 2001. After a hearing on the motion in July 2004, the court revoked supervision and imposed sentence.[1] In a single point of error, appellant argues that the evidence does not support the court's order.

The motion to revoke alleged that Monday violated the conditions of supervision by failing to report for four months in 2000 and 2001, by failing to pay various costs, fees, and fines,

---

[1] Appellant does not complain of the delay between the filing of the motion and the hearing.

and by failing to perform required hours of community service. These allegations were proved at the hearing through the testimony of appellant's probation supervisor. She also testified that after the motion to revoke was filed, appellant resumed reporting and had paid some of his delinquent fees and costs. Appellant had not been referred for any additional community service work.

Appellant does not dispute that he failed to report during the months alleged. He argues, however, that there was no "pattern of such failures so as to give rise to an inference that he intentionally or willfully chose not to report." The decision to revoke, however, is entrusted to the discretion of the trial court. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). We cannot say that the court abused its discretion by revoking appellant's supervision for admitted failures to report as ordered. We need not address the sufficiency of the evidence as to the other alleged violations. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

The order revoking community supervision is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: June 29, 2005

Do Not Publish

2