# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00128-CR

Clive Carson Peacock, Appellant

v.

The State of Texas, Appellee

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 57639, HONORABLE JOE CARROLL, JUDGE PRESIDING

## MEMORANDUM OPINION

In January 2006, appellant Clive Carson Peacock pleaded guilty to felony driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2007). Following the plea bargain, the district court assessed punishment at five years' imprisonment, suspended imposition of sentence, and placed appellant on community supervision for ten years. In January 2008, after a hearing on the State's motion to revoke, the court revoked supervision and imposed sentence. We affirm this order.

Appellant contends that the trial court abused its discretion when it imposed sentence by considering an alleged violation of the conditions of supervision that was not proved by the State. The motion to revoke alleged that appellant: (1) committed a subsequent offense by intentionally, knowingly, or recklessly causing bodily injury to Mary Jane Buswell, a member of his family or household, by striking her about the head and face; and (2) failed to abstain from the use of alcoholic

beverages. At the revocation hearing, appellant pleaded true to the second allegation and not true to the first.

Nolanville Police Officer William Chandler testified that he was dispatched to appellant's residence for "a violent domestic in progress." On his way, he was notified that Buswell, who the officer knew from prior contacts, was at another location. Chandler went to this other address and found Buswell crying and frantic. She had small cuts on her face, and blood on her face and body. Particles of food were in her hair. She appeared to have been drinking. Chandler then went to appellant's residence and spoke to him. Appellant had spots of blood on his pants, and he appeared to have been drinking. The house was in disarray, and the officer found a plate with blood and hair on it. When Chandler asked about Buswell's injuries, appellant said that "a plate might have hit Ms. Buswell over the head and after she had made him mad." Asked if Buswell lived with appellant, Chandler answered, "As far as my knowledge, yes, ma'am."

At the conclusion of the hearing, the court announced that it found that appellant had consumed alcoholic beverages and had recklessly caused bodily injury to a family member. One month later, after receiving a presentence report and hearing testimony by appellant's daughter, the court imposed the five-year prison term originally assessed.

Appellant's plea of true to the allegation that he failed to abstain from the use of alcoholic beverages was sufficient to prove that alleged violation. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). Proof of a single violation is sufficient to support a revocation order. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). Appellant therefore does not contend that the evidence fails to support the court's decision to revoke his supervision. Instead, he

2

argues that the assault allegation was not proved and that the court should not have considered it at the sentencing proceeding. Appellant asserts that the State failed to prove that he acted recklessly, that Buswell suffered a bodily injury, or that Buswell was a member of his family or household.

Whether or not the State proved that Buswell was a member of appellant's family or household, the evidence is clearly sufficient to support a finding that appellant struck Buswell on the head with a dinner plate, cutting her face. In assessing punishment, the trial court may consider any matter it deems relevant to sentencing, including other crimes or bad acts by the defendant. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2007). If the court considered appellant's conduct on the night in question at the sentencing hearing, there was no error.

The sole issue is overruled, and the order revoking community supervision is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: June 20, 2008

Do Not Publish