TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00163-CR







Brian Curtis Musgrove, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-01-421, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N


 

In January 2002, appellant Brian Curtis Musgrove was adjudged guilty of felony
driving while intoxicated. See Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West
Supp. 2009). His punishment was assessed at ten years in prison and a $1500 fine, but imposition
of sentence was suspended and he was placed on community supervision. In February 2009, the
court revoked supervision and imposed sentence following a hearing on the State's amended motion
to revoke. In a single point of error, appellant contends that an exhibit was erroneously admitted at
the hearing. We affirm the revocation order.

The amended motion to revoke alleged that appellant violated his supervisory
conditions by, among other things, committing the offense of harassment. See id. § 42.07 (West
2003). The State sought to prove this allegation through the testimony of Glenn Ogden and his wife,
Daphne Lazo. Ogden testified that he had known appellant for years, but that the relationship had
changed during the "last eight months or so." Ogden said that appellant had become "increasingly
infatuated with my wife and daughter. He would bring gifts for my daughter. He would call my wife
at work. He would email things, poems and such, pictures." Eventually, Ogden had asked appellant
to stop communicating with him and his wife. Lazo's testimony was similar. She said that appellant
obviously "had a crush" on her and that, at first, it was "kind of cute." But when appellant began
to make repeated telephone calls to her home, send her offensive email, and attempt to see her at her
work, she began to feel uncomfortable and "creepy." Ogden and Lazo identified State's exhibits one
and two as copies of emails they received from appellant, one before and the other after they asked
him to stop his communications. Appellant acknowledged sending the emails, both of which
contained sexually explicit photographs. Appellant testified that he meant them only for Ogden and
had not intended for Lazo to see them.

The subject of appellant's point of error is State's exhibit three. This exhibit was a
copy of an on-line classified advertisement. The ad purports to have been placed by a man and wife
who live in Hays County. The ad solicits persons who are interested in engaging in sexual activities
with the couple, and it contains several sexually explicit photographs (but shows no faces). The ad
advises those interested to call a telephone number that was identified by Ogden as his and Lazo's. 
Ogden and Lazo denied posting the ad or being the persons pictured, and they testified that they
learned of the ad's existence only when persons began calling their home in response to it. Ogden
testified that one of the photographs in the ad had previously been described to him by appellant,
who told Ogden that he had seen it at a "swinger's site" and had assumed that it was a photograph
of Ogden and Lazo. Ogden testified that because of this, he assumed that appellant was responsible
for posting the ad.

Appellant contends that the trial court erred by admitting exhibit three because it was
not properly authenticated. The requirement of authentication or identification as a condition
precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in
question is what its proponent claims. Tex. R. Evid. 901(a). Appellant argues that the exhibit was
not authenticated because the State failed to show that he was responsible for placing the ad. 
Appellant relies on opinions discussing the authentication of emails purporting to be sent from the
defendant. See Varkonyi v. State, 276 S.W.3d 27, 34-35 (Tex. App.--El Paso 2008, pet. ref'd);
Shea v. State, 167 S.W.3d 98, 104-05 (Tex. App.--Waco 2005, pet. ref'd); Massimo v. State,
144 S.W.3d 210, 215-17 (Tex. App.--Fort Worth 2004, no pet.). 

Unlike the emails at issue in the opinions cited by appellant, appellant's identity as
the person who placed the ad did not go to the authenticity of the exhibit. It was undisputed below
that exhibit three was an authentic copy of an actual on-line classified advertisement. Whether
appellant placed the ad did not go to the authenticity of the exhibit, but to his guilt of the harassment
offense alleged in the motion to revoke.

Even if exhibit three was erroneously admitted, the error was harmless. The
harassment allegation was one of several violations contained in the motion to revoke. Among the
other alleged violations were that appellant had failed to report to his probation officer and had failed
to pay his supervision fees. Appellant's probation officer testified to these violations, which
appellant admitted in his own testimony. Only one violation is necessary to support the revocation
of community supervision. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). Because
exhibit three related only to the harassment allegation, and because the revocation order is supported
by other unchallenged violations, any error in the admission of the exhibit did not affect appellant's
substantial rights. See Tex. R. App. P. 44.2(b). 

The point of error is overruled, and the order revoking community supervision
is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: November 20, 2009

Do Not Publish