# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00163-CR

**Brian Curtis Musgrove, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-01-421, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In January 2002, appellant Brian Curtis Musgrove was adjudged guilty of felony driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2009). His punishment was assessed at ten years in prison and a $1500 fine, but imposition of sentence was suspended and he was placed on community supervision. In February 2009, the court revoked supervision and imposed sentence following a hearing on the State's amended motion to revoke. In a single point of error, appellant contends that an exhibit was erroneously admitted at the hearing. We affirm the revocation order.

The amended motion to revoke alleged that appellant violated his supervisory conditions by, among other things, committing the offense of harassment. *See id.* § 42.07 (West 2003). The State sought to prove this allegation through the testimony of Glenn Ogden and his wife, Daphne Lazo. Ogden testified that he had known appellant for years, but that the relationship had

changed during the "last eight months or so." Ogden said that appellant had become "increasingly infatuated with my wife and daughter. He would bring gifts for my daughter. He would call my wife at work. He would email things, poems and such, pictures." Eventually, Ogden had asked appellant to stop communicating with him and his wife. Lazo's testimony was similar. She said that appellant obviously "had a crush" on her and that, at first, it was "kind of cute." But when appellant began to make repeated telephone calls to her home, send her offensive email, and attempt to see her at her work, she began to feel uncomfortable and "creepy." Ogden and Lazo identified State's exhibits one and two as copies of emails they received from appellant, one before and the other after they asked him to stop his communications. Appellant acknowledged sending the emails, both of which contained sexually explicit photographs. Appellant testified that he meant them only for Ogden and had not intended for Lazo to see them.

The subject of appellant's point of error is State's exhibit three. This exhibit was a copy of an on-line classified advertisement. The ad purports to have been placed by a man and wife who live in Hays County. The ad solicits persons who are interested in engaging in sexual activities with the couple, and it contains several sexually explicit photographs (but shows no faces). The ad advises those interested to call a telephone number that was identified by Ogden as his and Lazo's. Ogden and Lazo denied posting the ad or being the persons pictured, and they testified that they learned of the ad's existence only when persons began calling their home in response to it. Ogden testified that one of the photographs in the ad had previously been described to him by appellant, who told Ogden that he had seen it at a "swinger's site" and had assumed that it was a photograph

2

of Ogden and Lazo. Ogden testified that because of this, he assumed that appellant was responsible for posting the ad.

Appellant contends that the trial court erred by admitting exhibit three because it was not properly authenticated. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Tex. R. Evid. 901(a). Appellant argues that the exhibit was not authenticated because the State failed to show that he was responsible for placing the ad. Appellant relies on opinions discussing the authentication of emails purporting to be sent from the defendant. *See Varkonyi v. State*, 276 S.W.3d 27, 34-35 (Tex. App.—El Paso 2008, pet. ref'd); *Shea v. State*, 167 S.W.3d 98, 104-05 (Tex. App.—Waco 2005, pet. ref'd); *Massimo v. State*, 144 S.W.3d 210, 215-17 (Tex. App.—Fort Worth 2004, no pet.).

Unlike the emails at issue in the opinions cited by appellant, appellant's identity as the person who placed the ad did not go to the authenticity of the exhibit. It was undisputed below that exhibit three was an authentic copy of an actual on-line classified advertisement. Whether appellant placed the ad did not go to the authenticity of the exhibit, but to his guilt of the harassment offense alleged in the motion to revoke.

Even if exhibit three was erroneously admitted, the error was harmless. The harassment allegation was one of several violations contained in the motion to revoke. Among the other alleged violations were that appellant had failed to report to his probation officer and had failed to pay his supervision fees. Appellant's probation officer testified to these violations, which appellant admitted in his own testimony. Only one violation is necessary to support the revocation

3

of community supervision. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). Because exhibit three related only to the harassment allegation, and because the revocation order is supported by other unchallenged violations, any error in the admission of the exhibit did not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b).

The point of error is overruled, and the order revoking community supervision is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   November 20, 2009

Do Not Publish