COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





HUMBERTO ALVAREZ GALINDO,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00094-CR

Appeal from
 143rd District Court

of Ward County, Texas

(TC # 97-07-03952-CRW)



 

 

 




O P I N I O N

            Humberto Alvarez Galindo appeals from a judgment revoking his community supervision. 
For the reasons that follow, we affirm.
FACTUAL SUMMARY
            On October 3, 1997, Appellant waived his right to a jury trial and entered a negotiated plea
of guilty to possession of cocaine. In accordance with the plea bargain, the trial court found that the
evidence substantiated a finding of guilt, but the court suspended the sentence and placed Appellant
on deferred adjudication community supervision for six years. Three years later, on October 13,
2000, Appellant pled true to the State’s motion to proceed with an adjudication of guilt, and the court
entered an adjudication of guilt. The court assessed Appellant’s punishment at imprisonment for a
term of ten years and a fine of $1,500, but the court suspended the sentence and placed him on
straight probation for ten years. 
            On February 25, 2009, the State filed a motion to revoke Appellant’s community supervision
based on allegations that he failed to report, failed to pay amounts ordered by the trial court--including the monthly community supervision fees, the fine, restitution, and the Crime Stoppers fee-- 
 and failed to perform 250 hours of community service. At the revocation hearing, a Ward County
Community Supervision Officer, Naomi Deanda, testified in support of the motion to revoke. 
Appellant had not reported since June 29, 2004 even though the community supervision office would
have accepted written reports. Additionally, Appellant had not paid his community supervision fees
in the amount of $40 per month as ordered and was delinquent on those fees in the total amount of
$1,910. Appellant had also not paid all of the $1,500 fine or the court costs in the amount of $197.25
as he still owed $1,688.67. Appellant had paid none of the $140 in restitution or the $50 Crime
Stoppers fee as ordered by the trial court. Appellant could have filed with the community
supervision office an affidavit of inability to pay the ordered amounts but he had not done so. 
Finally, Appellant had performed zero hours of the 250 hours community service ordered by the trial
court to be performed.
            Appellant testified at the revocation hearing that he was deported in 2004. He claimed that
he spoke with his probation officer and showed him the deportation letter, and his probation officer
told him to report “if he could.” Appellant was unable to report because there was no phone at the
ranch where he was living. Appellant returned to the United States in January of 2008 because he
did not have any family in Mexico and he had to see a doctor in Fort Worth. Even after being back
in the United States and working for more than a year, he had not reported to the community
supervision office because he thought his “probation was over.” The trial court found the allegations
stated in the State’s motion to revoke were true and it imposed the sentence which had previously
been assessed. This appeal follows.
REVOCATION OF COMMUNITY SERVICE
            In Point of Error One, Appellant challenges the revocation of his community supervision on
two grounds. He first complains that the condition that he report is so vague and indefinite that it
cannot be enforced. Second, he contends no evidence was offered that he had the ability to pay the
fine, court cost, and restitution.
            We review the trial court’s decision to revoke community supervision for an abuse of
discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). The trial court does not
abuse its discretion if the order revoking community supervision is supported by a preponderance
of the evidence; in other words, the greater weight of the credible evidence would create a reasonable
belief that the defendant has violated a condition of his probation. Rickels, 202 S.W.3d at 763-64.
In conducting our review, we view the evidence in the light most favorable to the trial court’s ruling.
Cardona v. State, 665 S.W.2d 492 (Tex.Crim.App. 1984). We also defer to the trial court’s
resolution of disputed facts and to any reasonable inferences which can be drawn from those facts. 
Cantu v. State, 253 S.W.3d 273, 282 (Tex.Crim.App. 2008). If a single ground for revocation is
supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is
not shown. Sanchez v. State, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); Gordon v. State, 4
S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.).
            It is unnecessary to address Appellant’s arguments related to the court’s finding he failed to
report or pay the ordered amounts because Appellant has not raised any argument related to the trial
court’s finding that he failed to perform 250 hours of community service. The order placing
Appellant on community supervision required him to perform 250 hours of community service
within twenty months of the date of the order. Thus, Appellant was required to complete the
community service no later than June 24, 2001. Deanda testified Appellant had not completed any
of the community service hours. Appellant’s deportation in 2004 could not have prevented him from
complying with this condition of community supervision. As this ground for revocation is supported
by a preponderance of the evidence, the trial court did not abuse its discretion by revoking
community supervision. We overrule the sole point and affirm the judgment of the trial court.

August 24, 2010                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)