COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| HUMBERTO ALVAREZ GALINDO, | | No. 08-09-00094-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 143rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Ward County, Texas |
| | § | |
| Appellee. | | (TC # 97-07-03952-CRW) |
| | § | |

**O P I N I O N**

Humberto Alvarez Galindo appeals from a judgment revoking his community supervision. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On October 3, 1997, Appellant waived his right to a jury trial and entered a negotiated plea of guilty to possession of cocaine. In accordance with the plea bargain, the trial court found that the evidence substantiated a finding of guilt, but the court suspended the sentence and placed Appellant on deferred adjudication community supervision for six years. Three years later, on October 13, 2000, Appellant pled true to the State's motion to proceed with an adjudication of guilt, and the court entered an adjudication of guilt. The court assessed Appellant's punishment at imprisonment for a term of ten years and a fine of $1,500, but the court suspended the sentence and placed him on straight probation for ten years.

On February 25, 2009, the State filed a motion to revoke Appellant's community supervision based on allegations that he failed to report, failed to pay amounts ordered by the trial court-- including the monthly community supervision fees, the fine, restitution, and the Crime Stoppers fee--

and failed to perform 250 hours of community service. At the revocation hearing, a Ward County Community Supervision Officer, Naomi Deanda, testified in support of the motion to revoke. Appellant had not reported since June 29, 2004 even though the community supervision office would have accepted written reports. Additionally, Appellant had not paid his community supervision fees in the amount of $40 per month as ordered and was delinquent on those fees in the total amount of $1,910. Appellant had also not paid all of the $1,500 fine or the court costs in the amount of $197.25 as he still owed $1,688.67. Appellant had paid none of the $140 in restitution or the $50 Crime Stoppers fee as ordered by the trial court. Appellant could have filed with the community supervision office an affidavit of inability to pay the ordered amounts but he had not done so. Finally, Appellant had performed zero hours of the 250 hours community service ordered by the trial court to be performed.

Appellant testified at the revocation hearing that he was deported in 2004. He claimed that he spoke with his probation officer and showed him the deportation letter, and his probation officer told him to report "if he could." Appellant was unable to report because there was no phone at the ranch where he was living. Appellant returned to the United States in January of 2008 because he did not have any family in Mexico and he had to see a doctor in Fort Worth. Even after being back in the United States and working for more than a year, he had not reported to the community supervision office because he thought his "probation was over." The trial court found the allegations stated in the State's motion to revoke were true and it imposed the sentence which had previously been assessed. This appeal follows.

## REVOCATION OF COMMUNITY SERVICE

In Point of Error One, Appellant challenges the revocation of his community supervision on two grounds. He first complains that the condition that he report is so vague and indefinite that it

cannot be enforced. Second, he contends no evidence was offered that he had the ability to pay the fine, court cost, and restitution.

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his probation. *Rickels*, 202 S.W.3d at 763-64. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App. 1984). We also defer to the trial court's resolution of disputed facts and to any reasonable inferences which can be drawn from those facts. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex.Crim.App. 2008). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Gordon v. State*, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.).

It is unnecessary to address Appellant's arguments related to the court's finding he failed to report or pay the ordered amounts because Appellant has not raised any argument related to the trial court's finding that he failed to perform 250 hours of community service. The order placing Appellant on community supervision required him to perform 250 hours of community service within twenty months of the date of the order. Thus, Appellant was required to complete the community service no later than June 24, 2001. Deanda testified Appellant had not completed any of the community service hours. Appellant's deportation in 2004 could not have prevented him from complying with this condition of community supervision. As this ground for revocation is supported by a preponderance of the evidence, the trial court did not abuse its discretion by revoking

community supervision.  We overrule the sole point and affirm the judgment of the trial court.


August 24, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)