# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 16, 2011

No. 08-20808
Summary Calendar

Lyle W. Cayce
Clerk

CRAIG BLACKMON,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-386

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

In 1999, Craig Blackmon, Texas prisoner # 1373138, pleaded guilty of indecency with a child by contact. The state trial court placed him on deferred adjudication community supervision for nine years. In 2006, the trial court revoked Blackmon's community supervision, adjudicated his guilt, and sentenced him to a 20-year term of imprisonment. Blackmon appeals the denial of his 28 U.S.C. § 2254 application challenging that decision. He was granted a certificate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appealability on his claim that the trial court violated his procedural due process rights because it revoked his community supervision on the basis of his girlfriend's hearsay allegations of assault without giving him an opportunity to conduct a cross-examination.

Although Blackmon raised his claim in state court, it was not adjudicated on its merits, and the respondent has not relied on a state procedural bar. Accordingly, we apply a de novo standard of review instead of the highly deferential standard required by the Antiterrorism and Effective Death Penalty Act. *See Henderson v. Cockrell*, 333 F.3d 592, 600-01 (5th Cir. 2003).

The state trial court revoked Blackmon's community supervision after finding that he had repeatedly assaulted his girlfriend, had been convicted of displaying a fictitious motor vehicle inspection certificate, and had failed to pay fees and a fine required as a condition of his supervision. The respondent argues that any procedural due process violation with respect to the admission of hearsay statements made by Blackmon's girlfriend was harmless because the state trial court revoked Blackmon's community supervision based on multiple valid violations. In response, Blackmon argues that the state trial court's finding that he failed to pay his fees and fine did not provide an adequate basis for the revocation of his community supervision.

A single violation of a condition of community supervision is sufficient to warrant revocation in Texas. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). Thus, a habeas court need not consider a constitutional challenge to a conviction or violation used to revoke a prisoner's parole when other valid violations of parole were found. *Spann v. Wainwright*, 431 F.2d 482, 482 (5th Cir. 1970); *United States v. Minnitt,* 617 F.3d 327, 336 (5th Cir. 2010) (applying a similar rule in a federal revocation case); *see also Williams v. Johnson*, 171 F.3d 300, 307-08 (5th Cir. 1999) (noting that this court will not grant habeas relief unless the error at issue had substantial and injurious effect on the outcome of the proceeding).

No. 08-20808

Blackmon's procedural due process claim is relevant only to the trial court's determination that he violated the conditions of his community supervision by assaulting his girlfriend. The trial court's finding that Blackmon had been convicted of displaying a fictitious inspection certificate, standing alone, was sufficient to warrant revocation of his community supervision. Because the revocation decision is supported by an unchallenged violation, any error the trial court made in admitting hearsay evidence of the alleged assaults was harmless. Accordingly, the district court's judgment denying habeas relief is AFFIRMED. Blackmon's motion for the appointment of appellate counsel is DENIED.