02-11-088-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00088-CR

 

 


 
 
 Hyun Jin Choi
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Hyun Jin Choi appeals from the trial court’s judgment proceeding to an
adjudication of guilt, revoking his community supervision, and sentencing him
to ten years’ confinement.  In a single point, Choi argues that the trial court
abused its discretion by revoking his community supervision for the offense of
burglary of a habitation with the intent to commit a felony.

          Choi
pleaded guilty, pursuant to a plea agreement, to the first-degree felony of
burglary of a habitation with intent to commit sexual assault.  The trial court
placed Choi on ten years’ deferred adjudication community supervision and
imposed a $1,000 fine and $520 in court costs.  A month later, the State filed
a petition to proceed to adjudication, alleging that Choi had violated two conditions
of his community supervision by failing to register as a sex offender on August
19, 2010, in Irving and by failing to register as a sex offender on August 31,
2010, with the Hood County Sheriff’s Department in Granbury.

At
the hearing on the State’s motion to proceed to adjudication, Choi pleaded “Not
True” to all the allegations.  Choi’s probation officer testified.  She
explained that she had brought Choi’s probation file with her, that the file
contained facts documenting regularly conducted activities by her department,
that the facts were recorded by persons with personal knowledge of the facts,
that it was the ordinary course of business for her department to record those
facts in memorandum form, and that she was a custodian of those records.  The
following then took place:

[PROSECUTOR]: Your
Honor, at this time we would offer State’s Exhibit No. 1, which is the
probation file.

 

          THE COURT:
Any objection?

 

[DEFENSE COUNSEL]: I
assume it’s -- is it anything besides the chronological records?

 

          [PROSECUTOR]:
It’s the entire probation file.

 

          [DEFENSE
COUNSEL]: I don’t think I have any objection.

 

          THE COURT: 
You do or you don’t?

 

          [DEFENSE
COUNSEL]: I don’t.

 

          THE COURT: 
All right.  State’s Exhibit No. 1 is admitted. 

 

Choi’s
probation officer testified that she had explained the sex offender
registration requirements to Choi and had informed him that, based on his home
address, he needed to register in Irving.  She subsequently communicated with
Detective Teien at the Irving Police Department and learned that Choi had not
registered within the seven-day time frame ending on August 19, 2010.  Choi’s probation
officer later learned that Choi had moved to Hood County.  When she checked
with the Hood County Sheriff’s Department, she learned that Choi had not
registered with the Hood County Sheriff’s Department in the seven-day time
frame ending on August 31, 2010.

Detective
Teien also testified, confirming that Choi did not register as a sex offender
in Irving on or before August 19, 2010, and that he had never registered as a
sex offender in any county in Texas.

Friends
of Choi testified regarding where he was living and his attempts to register
with the Granbury Police Department.[2]

          After
hearing the above testimony, the trial court found the allegations in the
State’s petition to be true, adjudicated Choi guilty, and sentenced him to ten
years’ confinement.  This appeal followed.

          In
a single point, Choi contends that the trial court abused its discretion by
revoking his community supervision for the offense of burglary of a habitation
with the intent to commit a felony.  Choi’s argument in support of his sole
issue is limited to his assertion that the trial court abused its discretion by
admitting his entire probation file into evidence.  Choi concedes that no
objection was made at trial when the probation file was offered into evidence
but argues that the error “was of such constitutional magnitude as to not
require an objection.”

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).

          Here,
Choi did not object to the admission of the probation file.  Accordingly, any
error from the admission of this evidence is not preserved for our review.  See
Tex. R. App. P. 33.1; Moore v. State, 935 S.W.2d 124, 130 (Tex.
Crim. App. 1996), cert. denied, 520 U.S. 1219 (1997); King v. State,
No. 01-08-00033-CR, 2009 WL 1493113, at *3 (Tex. App.—Houston [1st Dist.] May
28, 2009, pet. ref’d) (mem. op., not designated for publication).

Although
Choi argues that this error was of constitutional dimension and therefore did
not require an objection, even when objected-to error is of constitutional
dimension, it may be declared harmless if the reviewing court is able to
determine beyond a reasonable doubt that the error did not contribute to the
conviction or punishment.  See Tex. R. App. P. 42.2(a).  The testimony
presented at the hearing was sufficient to support the trial court’s
determination to proceed to an adjudication based on Choi’s failure to register
as a sex offender in violation of the conditions of his community supervision. 
See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel
Op.] 1980) (stating that proof by a preponderance of the evidence of any one
of the alleged violations of the conditions of community supervision is
sufficient to support a revocation order); Sanchez v. State, 603 S.W.2d
869, 871 (Tex. Crim. App. [Panel Op.] 1980) (stating same).  And no evidence
exists in the record that the trial court actually considered any of the
information in the probation file.  Consequently, if error from the admission
of the probation file was not waived, we are able to determine beyond a
reasonable doubt that it did not contribute to Choi’s conviction or
punishment.  We overrule Choi’s sole point.

          Having
overruled Choi’s sole point, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
WALKER,
J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 10,
2011









[1]See Tex. R. App. P. 47.4.





[2]Testimony during the
State’s case demonstrated that because Choi lived outside Granbury’s city
limits, he was directed to register with the Hood County Sheriff’s Department.