AFFIRMED; Opinion Filed January 16, 2013.



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01721-CR
No. 05-11-01723-CR

**KEARIE LEE FRANKLIN, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-00246-L, F11-00247-L**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

Kearie Lee Franklin appeals the revocation of his community supervision in each case. In two points of error, appellant contends the trial court abused its discretion by revoking his community supervision because the evidence is insufficient. We affirm the trial court's judgments. The background of these cases and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

## BACKGROUND AND EVIDENCE PRESENTED

Appellant waived a jury and pleaded guilty to two injury to a child offenses. *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2012). Pursuant to plea agreements, the trial court assessed punishment at three years' imprisonment, probated for three years, and a $1,000 fine in each case. The State later moved to revoke community supervision, alleging appellant violated condition (u) by failing to participate in sex offender treatment through an approved registered sex offender treatment provider; condition (f) by failing to work at suitable employment; condition (h) by failing to pay court costs and fines; condition (j) by failing to pay supervision fees; and condition (l) by failing to complete community service hours. Appellant pleaded not true to the allegations in a hearing on the motions.

Jacqueline Winston testified she supervised appellant from May 2011 to August 18, 2011, and appellant did nothing to comply with the conditions of his community supervision. Appellant did not report any community service hours while Winston supervised him; he did not obtain employment or provide documentation that he had been looking for a job; and he did not obtain the sex offender evaluation from a licensed sex offender treatment provider. Winston testified appellant said he contacted a sex offender treatment provider, but the provider did not return his call. Appellant said he "was not going to admit to committing the offenses and that the judge was aware of that," and "the judge said he doesn't have to admit to something that he didn't do, so (appellant) didn't think he needed sex offender counseling."

Fred Camacho testified he supervised appellant from August 19th to September 8th, and appellant presented documentation that he had completed only eight community service hours. Appellant provided no documentation that showed he was looking for employment. Camacho testified appellant was delinquent on costs and fees, but he had made some payments, and the

records showed appellant paid his probation fees. Camacho testified appellant said a sex offender treatment provider told him that if he did not have the $350 fee to pay for the evaluation, he did not have to show up. Appellant said the "judge was aware that he did not commit the offenses and therefore, he did not have to participate in sex offender treatment." Appellant also said he did not get the evaluation because he did not have the money to pay for it. Camacho testified he believed appellant was choosing not to pay for the sex offender evaluation.

Appellant's wife testified appellant "continually looked for employment," but he could not find a job. She said she helped appellant pay his fees and court costs, but the treatment provider would not take a partial payment, and neither she nor appellant could afford the $350 fee for the evaluation.

Appellant testified he looked for employment as "much as I could," and that although he is delinquent on some costs and fees, he did make some payments. Appellant testified he is "indigent and poor," and did not have the money to pay for the sex offender evaluation. During cross-examination, appellant testified he presented both probation officers with documentation that showed he had been looking for employment at various businesses as well as documentation showing he completed at least sixteen hours of community service. Appellant denied telling Camacho the judge knew he did not do anything wrong, or that he said he did not commit the offenses and did not have to do the sex offender evaluation.

The trial court found appellant had violated conditions (l) and (u), revoked appellant's community supervision, and assessed punishment at three years' imprisonment in each case. The judge stated that "notes show you were brought back before the court in August of this year and again admonished to abide by your sex offender conditions, you still have not done that."

-3-

APPLICABLE LAW

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, to prevail on appeal, appellant must successfully challenge all of the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

DISCUSSION

Appellant contends the trial court abused its discretion by revoking his community supervision because the evidence is insufficient to show he intentionally failed to participate in sex offender counseling and that he did not complete community service hours when the period for completion had not yet expired. The State responds the trial court did not abuse its discretion because the evidence is sufficient to show appellant violated the conditions of his community supervision.

The evidence presented from two probation officers shows appellant did not complete community service hours. Officer Winston stated appellant did not provide any documentation about his efforts to find employment or perform community service hours, while Officer Camacho testified appellant did not provide documentation about his job seeking efforts, but appellant did provide documentation showing he performed eight hours of community service.

-4-

On the other hand, appellant said he looked for work as much as he could, and he had completed at least sixteen hours of community service. It was the trial judge's role, as the fact-finder in these cases, to reconcile any conflicts in the evidence. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). The trial judge was free to accept or reject any and all of the evidence presented by either side. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

We conclude the evidence is sufficient to support the trial court's finding that appellant failed to perform community service as ordered. The trial court did not abuse its discretion in revoking appellant's community supervision in each case. *See Rickels*, 202 S.W.3d at 763; *Sanchez*, 603 S.W.2d at 871. We overrule appellant's second point of error. Because proof of one violation is sufficient to support revocation, we do not address appellant's complaint regarding the sex offender counseling.

We affirm the trial court's judgments.


_____
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
111721F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEARIE LEE FRANKLIN, Appellant

No. 05-11-01721-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 5 of Dallas County, Texas (Tr.Ct.No. F11-00246-L).
Opinion delivered by Justice Myers, Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 16, 2012.

LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEARIE LEE FRANKLIN, Appellant

No. 05-11-01723-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F11-00247-L).
Opinion delivered by Justice Myers,
Justices Lang-Miers and Lewis
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 16, 2012.

_____
LANA MYERS
JUSTICE