AFFIRMED; Opinion Filed January 18, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01571-CR

### RODNEY EARL DENMARK, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F07-40442-W**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Bridges and Myers
Opinion by Chief Justice Wright

Rodney Earl Denmark was convicted, following adjudication of his guilt, of aggravated robbery with a deadly weapon. In seven issues, appellant contends the trial court abused its discretion by revoking his community supervision and adjudicating his guilt. We affirm the trial court's judgment. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Appellant waived a jury and pleaded guilty to aggravated robbery with a deadly weapon, a brick. *See* TEX. PENAL CODE ANN. § 29.03(a) (West 2011). The trial court deferred adjudicating guilt, placed appellant on five years' community supervision, and assessed a $750 fine. In its second-mended motion to adjudicate, the State alleged appellant violated thirteen conditions of community supervision, including being unsuccessfully discharged from the Intensive Outpatient Treatment Program. Appellant pleaded not true to the allegations during a hearing. After hearing evidence, the trial court found the allegations true, adjudicated appellant guilty, and assessed punishment at forty years' imprisonment.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, to prevail on appeal, appellant must successfully challenge all of the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

Appellant contends the trial court abused its discretion because the evidence is insufficient to show he violated any of the terms of his community supervision. The State responds that the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating his guilt because proof of one violation is sufficient to support revocation. We agree with the State.

-2-

Probation officer Michelle Hamaker testified appellant was delinquent on paying fees and restitution; appellant had not performed any community service hours; and appellant was unsuccessfully discharged from the Intensive Outpatient Treatment Program due to his continued drug use and attendance problems. Hamaker testified she was aware appellant did not have a job when he was placed on community supervision, and she and appellant had discussed addressing his community service hours after focusing on the intensive treatment program. Hamaker testified that at one point, appellant told her he had another source of income; appellant said he was "dealing cocaine." During his testimony, appellant said he attempted to attend an outpatient treatment program, but he was not successful because he had "marijuana in my system and [I] was discharged."

We conclude the evidence is sufficient to support the trial court's finding that appellant violated community supervision by being unsuccessfully discharged from the Intensive Treatment Outpatient Program. The trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating his guilt. *See Rickels*, 202 S.W.3d at 763; *Sanchez*, 603 S.W.2d at 871. We resolve appellant's first issue against him. Because proof of one violation is sufficient to support revocation, we do not address appellant's remaining complaints. *See Sanchez*, 603 S.W.2d at 871.

We affirm the trial court's judgment.

_____
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111571F.U05

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY EARL DENMARK, Appellant

No. 05-11-01571-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F07-40442-W).
Opinion delivered by Chief Justice Wright,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 18, 2013.

_____
CAROLYN WRIGHT
JUSTICE