

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00607-CR
### NO. 02-13-00608-CR

JAMES ROBERT HARLE                                     APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1200063D, 1193681D

----------

## MEMORANDUM OPINION[1]

----------

The trial court granted the State's motions to proceed to adjudication in cause numbers 02-13-00607-CR and 02-13-00608-CR and assessed Appellant James Robert Harle's punishment at forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice in both causes. In two points, Appellant asserts that the evidence was insufficient to support one

[1]*See* Tex. R. App. P. 47.4.

of the State's grounds and that the evidence used to support that ground and one other ground was the product of an unreasonable search and seizure. We affirm on the basis of the two grounds Appellant did not attack.

**Background**

In cause number 02-13-00607-CR (trial court cause number 1200063D), on October 24, 2011, the trial court placed Appellant on five years' deferred adjudication for the offense of engaging in organized criminal activity. In the November 8, 2013 "State's Third Amended Petition to Proceed to Adjudication," the State alleged four grounds upon which it moved the trial court to proceed to an adjudication.

In cause number 02-13-00608-CR (trial court cause number 1193681D), on October 24, 2011, the trial court placed Appellant on five years' deferred adjudication for possession of prohibited substances in a correctional facility. In the November 8, 2013 "State's Third Amended Petition to Proceed to Adjudication," the State alleged the same four grounds to proceed to an adjudication as it alleged in cause number 02-13-00607-CR.

Appellant pled "not true" to all the allegations in the State's petitions. After hearing the evidence, the trial court found all four paragraphs true, adjudicated Appellant guilty, sentenced him to forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice for each offense, and ordered the sentences to run concurrently.

**Arguments and Disposition**

In his first point, Appellant attacks the State's second ground, in which it alleged he possessed methamphetamine. In the absence of a definitive chemical analysis, Appellant contends the evidence is insufficient to support the trial court's conclusion that the substance possessed was methamphetamine.

In Appellant's second point, he asserts his consent to the search of his vehicle was involuntary and, consequently, that the resulting search was an unreasonable search and seizure. Appellant focuses upon Officer Jeffrey Teasdale's search of his vehicle, which produced the drugs that were the subject of the second ground and the drug paraphernalia that were the subject of the third ground.

Appellant fails to attack the findings of true to the allegations in the first and fourth grounds in the State's petitions. The first paragraph in each petition alleged Appellant committed a new offense by committing the offense of evading arrest or detention. The fourth paragraph in each petition alleged Appellant failed to appear in accordance with the terms of his release as set out in his bond. A single violation of community supervision is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd); *see also Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Consequently, when there is one sufficient ground, we do not need to address the other contentions. *See Sanchez*, 603 S.W.2d at 871; *Long v. State*, No. 02-

3

12-00090-CR, 2013 WL 1337975, at *2 n.7 (Tex. App.—Fort Worth Apr. 4, 2013, pet. ref'd) (mem. op., not designated for publication). Because there are two uncontested grounds supporting the trial court's decision to proceed to an adjudication of guilt, we overrule Appellant's two points as moot.

## Conclusion

Having overruled Appellant's two points, we affirm the trial court's judgments.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 25, 2015