**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00380-CR**
_____

**SHILOAH J. SPRINGER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**San Jacinto County, Texas**
**Trial Cause No. 12,141**

**MEMORANDUM OPINION**

The State indicted Shiloah J. Springer for possession of a controlled substance, namely methamphetamine, in an amount less than one gram, a third-degree felony due to enhancements. *See* Tex. Health & Safety Code § 481.115(b) (West 2017); Tex. Penal Code Ann. § 12.425(a) (West 2019).

Pursuant to a plea bargain agreement, Springer pleaded guilty to the offense. On July 20, 2017, the trial court sentenced Springer to eight years in the Institutional

1

Division of the Texas Department of Criminal Justice but suspended the sentence and placed Springer on community supervision for four years. During his community supervision, the State filed a motion to revoke alleging Springer had violated six conditions of his probation. Springer pleaded "not true" to the counts in the State's motion to revoke. After hearing the evidence submitted at trial, the court found multiple alleged violations in the State's motion to be true, revoked Springer's community supervision and sentenced him to five years confinement. Springer timely filed a notice of appeal.

The attorney appointed to represent Springer in his appeal filed an *Anders* brief which asserted that the attorney diligently reviewed the record and found no meritorious claims on which to appeal Springer's conviction and that any appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45 (1967); *High v. State*, 573 S.W.2d 807, 810–13 (Tex. Crim. App. [Panel Op.] 1978). Springer was provided an opportunity to file his own *pro se* brief, and he did not do so.

We have reviewed the record and agree with Springer's counsel that no arguable issues exist to support an appeal. *See Anders*, 386 U.S. at 744–45. Only one violation is necessary to support the revocation of community supervision. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). The Court concludes it is unnecessary for us to order appointment of new counsel to re-

brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

As no arguable grounds exist to support the appeal, we affirm the trial court's judgment.[1]

    AFFIRMED.


                                                    _____
                                                    CHARLES KREGER
                                                    Justice


Submitted on July 15, 2019
Opinion Delivered July 24, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[1] Springer may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.