# NO. 12-10-00254-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMIE NICOLE GRIGGS,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*

This is an appeal from a judgment adjudicating guilt and revoking community supervision. In one issue, Appellant, Jamie Nicole Griggs, contends the trial court abused its discretion in finding she had violated any term or condition of her community supervision, revoking her community supervision, and adjudicating her guilt. We affirm.

### BACKGROUND

On September 28, 2006, Appellant pleaded guilty to the offense of possession of a controlled substance (marijuana) in a penal institution (the Beto Unit). The court found the evidence substantiated Appellant's guilt but deferred an adjudication of guilt and placed Appellant on community supervision for five years.

On November 20, 2008, the State filed its motion to proceed with adjudication of guilt and sentence. A capias issued for Appellant's arrest the next day alleging numerous violations of her community supervision. She was not arrested until April of 2010.

The record shows that during her almost four years on community supervision, she had paid a total of $25.00 in community supervision fees although she had been ordered to pay $45.00 each month. She had been ordered to pay $27.00 monthly toward the unprobated

$1,000.00 of a $4,000.00 fine.  She had paid no part of the fine, nor had she paid $50.00 she had been ordered to pay Crime Stoppers.  The record shows that she was at least intermittently employed during the time she was placed on community supervision.

Appellant chose not to testify.  Larry Polk was the Community Supervision Correctional Officer for Navarro County, to whom Appellant was supposed to report.  He testified that since she had become part of his caseload, he had personal knowledge that she had not reported as ordered for four months.  His records showed she had not reported from November 2008 until she was arrested in 2010.  He testified to occasional phone calls from her during which he stressed how important it was to report.  He attempted to visit her where she lived, but could never make contact with her although he left his card and messages.  His records did not show that she had performed any of the 300 hours of community service ordered.  The trial court found that Appellant had violated the terms and conditions of her probation by "failing to report monthly to the community supervision officer, by neglecting to report a change of address, by failing to perform community service and by failing to pay her community supervision fees, fine and $50.00 to Crime Stoppers as ordered."  The trial court also found that she had not attended the Drug Offender Education Program she had been ordered to complete within 180 days of the order placing her on community supervision.  Accordingly, the trial court revoked the order placing her on community supervision, adjudicated her guilty of the offense of possession of a controlled substance in a penal institution, and sentenced her to imprisonment for ten years.

### STANDARD OF REVIEW AND APPLICABLE LAW

Appellate review of an order revoking community supervision is limited to abuse of discretion.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  In determining whether the trial court abused its discretion, the appellate court reviews the evidence in the light most favorable to the trial court's decision, deferring to the trial court's resolution of disputed facts and the reasonable inferences drawn therefrom.  *Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008).  The state has the burden of proving the alleged violations by a preponderance of the evidence.  *Rickels*, 202 S.W.3d at 763; *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

To revoke community supervision, the state must prove every element of at least one ground for revocation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21 (Vernon Supp. 2010).

One violation of the conditions of community supervision is sufficient to support a revocation of community supervision. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

**Discussion**

The trial judge during the hearing on the State's motion to revoke community supervision commented that he could not remember ordering a revocation on the ground of failure to pay community supervision fees and fines. Nevertheless, in this case the trial judge ordered revocation based, in part, on Appellant's failure to pay various fees and fines. Appellant complains that in the face of the trial judge's express statement that he could not remember revoking a community supervision on such grounds, the trial court's finding that she had violated her community supervision terms by failing to pay her supervision fees and fine constituted an abuse of discretion. We can understand the trial court's making an exception for this appellant. After receiving deferred adjudication community supervision for a serious offense, the record indicates she completely ignored the conditions of her community supervision, apparently heedless of the consequences.

The State proved Appellant's failure to report. Appellant's counsel conceded this at her revocation hearing. A single violation of the conditions of community supervision is sufficient to support a revocation of community supervision. *Sanchez*, 603 S.W.2d at 871. The trial court did not abuse its discretion in revoking Appellant's community supervision and proceeding to adjudication. Appellant's sole issue is overruled.

**DISPOSITION**

The judgment of the trial court is *affirmed*.

**BILL BASS**

Justice

Opinion delivered March 31, 2011.
*Panel consisted of Worthen, C. J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)