MARY'S OPINION HEADING 








NO. 12-10-00254-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JAMIE NICOLE
GRIGGS,                          §                      APPEAL FROM THE 3RD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      ANDERSON
 COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

This
is an appeal from a judgment adjudicating guilt and revoking community supervision. 
In one issue, Appellant, Jamie Nicole Griggs, contends the trial court abused
its discretion in finding she had violated any term or condition of her
community supervision, revoking her community supervision, and adjudicating her
guilt.  We affirm.

 

Background

            On
September 28, 2006, Appellant pleaded guilty to the offense of possession of a
controlled substance (marijuana) in a penal institution (the Beto Unit).  The
court found the evidence substantiated Appellant’s guilt but deferred an
adjudication of guilt and placed Appellant on community supervision for five
years.

            On
November 20, 2008, the State filed its motion to proceed with adjudication of
guilt and sentence.  A capias issued for Appellant’s arrest the next day
alleging numerous violations of her community supervision.  She was not
arrested until April of 2010.

            The
record shows that during her almost four years on community supervision, she
had paid a total of $25.00 in community supervision fees although she had been
ordered to pay $45.00 each month.  She had been ordered to pay $27.00 monthly
toward the unprobated $1,000.00 of a $4,000.00 fine.  She had paid no part of
the fine, nor had she paid $50.00 she had been ordered to pay Crime Stoppers. 
The record shows that she was at least intermittently employed during the time
she was placed on community supervision.  

            Appellant
chose not to testify.  Larry Polk was the Community Supervision Correctional
Officer for Navarro County, to whom Appellant was supposed to report.  He
testified that since she had become part of his caseload, he had personal
knowledge that she had not reported as ordered for four months.  His records
showed she had not reported from November 2008 until she was arrested in 2010. 
He testified to occasional phone calls from her during which he stressed how
important it was to report.  He attempted to visit her where she lived, but
could never make contact with her although he left his card and messages.  His
records did not show that she had performed any of the 300 hours of community
service ordered.  The trial court found that Appellant had violated the terms
and conditions of her probation by “failing to report monthly to the community
supervision officer, by neglecting to report a change of address, by failing to
perform community service and by failing to pay her community supervision fees,
fine and $50.00 to Crime Stoppers as ordered.”  The trial court also found that
she had not attended the Drug Offender Education Program she had been ordered
to complete within 180 days of the order placing her on community supervision. 
Accordingly, the trial court revoked the order placing her on community
supervision, adjudicated her guilty of the offense of possession of a
controlled substance in a penal institution, and sentenced her to imprisonment for
ten years.

 

Standard of Review and Applicable Law

            Appellate
review of an order revoking community supervision is limited to abuse of
discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim.
App. 2006).  In determining whether the trial court abused its discretion, the
appellate court reviews the evidence in the light most favorable to the trial
court’s decision, deferring to the trial court’s resolution of disputed facts
and the reasonable inferences drawn therefrom.  Cantu v. State,
253 S.W.3d 273, 282 (Tex. Crim. App. 2008).  The state has the burden of
proving the alleged violations by a preponderance of the evidence.  Rickels,
202 S.W.3d at 763; Cardona v. State, 665 S.W.2d 492, 493 (Tex.
Crim. App. 1984).

            To
revoke community supervision, the state must prove every element of at least
one ground for revocation. See Tex.
Code Crim. Proc. Ann. art. 42.12 § 21 (Vernon Supp. 2010).  One
violation of the conditions of community supervision is sufficient to support a
revocation of community supervision.  Sanchez v. State, 603
S.W.2d 869, 871 (Tex. Crim. App. 1980).

Discussion

            The
trial judge during the hearing on the State’s motion to revoke community
supervision commented that he could not remember ordering a revocation on the
ground of failure to pay community supervision fees and fines.  Nevertheless,
in this case the trial judge ordered revocation based, in part, on Appellant’s
failure to pay various fees and fines.  Appellant complains that in the face of
the trial judge’s express statement that he could not remember revoking a community
supervision on such grounds, the trial court’s finding that she had violated
her community supervision terms by failing to pay her supervision fees and fine
constituted an abuse of discretion.  We can understand the trial court’s making
an exception for this appellant.  After receiving deferred adjudication
community supervision for a serious offense, the record indicates she
completely ignored the conditions of her community supervision, apparently
heedless of the consequences.

            The
State proved Appellant’s failure to report.  Appellant’s counsel conceded this
at her revocation hearing.  A single violation of the conditions of community
supervision is sufficient to support a revocation of community supervision.  Sanchez,
603 S.W.2d at 871.  The trial court did not abuse its discretion in revoking
Appellant’s community supervision and proceeding to adjudication.  Appellant’s sole
issue is overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

Bill Bass

    
Justice

 

Opinion delivered March 31, 2011.

Panel
consisted of Worthen, C. J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals, sitting by assignment.

 

 

                                                            (DO
NOT PUBLISH)