

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00447-CR

COREY ANDREW CHAMBERLAIN                                          APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Corey Andrew Chamberlain appeals from the trial court's order revoking his deferred adjudication community supervision and adjudicating him guilty of burglary of a building. In his sole point, Chamberlain argues that the trial court erred by admitting hearsay at the revocation hearing.

---

[1]See Tex. R. App. P. 47.4.

## II. PROCEDURAL BACKGROUND

Chamberlain pleaded guilty, pursuant to a plea agreement, to the state jail felony of burglary of a building. On April 30, 2010, the trial court placed Chamberlain on three years' deferred adjudication community supervision and imposed a $300 fine, $284 in court costs, and $300 in restitution. The State filed a petition to proceed to adjudication on August 24, 2010, alleging that Chamberlain had violated multiple conditions of his community supervision. Specifically, the State alleged that Chamberlain had committed a new offense, i.e., theft of a truck (Paragraph 1); had tested positive for THC (Paragraph 2); had failed to provide proof of employment (Paragraph 3); had failed to pay a supervision fee, restitution, and a Crime Stoppers fee (Paragraph 4); had failed to submit to urine testing (Paragraph 5); and had failed to book in to serve eight days' confinement (Paragraph 6).

Chamberlain pleaded "Not True" to all the allegations at the adjudication hearing. The trial court thereafter heard testimony from the probation officer, who testified that, among other things, Chamberlain had failed to provide proof of employment; that he had failed to pay the supervision fees for May through August 2010; that he had not made monthly payments on his restitution during May, June, July, and August; that he had failed to pay the Crime Stoppers fee; and that he had failed to book in at the jail on July 23, 2010 to serve eight days' confinement. Chamberlain testified that he had asked an officer about getting a job but was never told that he needed to obtain employment; that there were a

2

couple of months when he could not make the payments on his supervision fees, restitution, and the Crime Stoppers fee; and that he showed up at the closed probation office on July 23, 2010, that he went to three other buildings, and that "nobody led [him] in the right direction" and so he did not get booked into jail.

The trial court found the allegations in Paragraphs 1, 3, 4, 5, and 6 of the State's petition to be true, adjudicated Chamberlain guilty, and sentenced him to eighteen months' confinement. This appeal followed.

### III. STANDARD OF REVIEW

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

3

## IV. NO ABUSE OF DISCRETION

In his sole point, Chamberlain challenges only the trial court's finding regarding Paragraph 1, arguing that the trial court erred by admitting hearsay related to the owner of the vehicle that was stolen. Chamberlain failed, however, to challenge the trial court's findings that he had violated his community supervision as alleged in Paragraphs 3 through 6 of the State's petition to proceed to adjudication. Chamberlain's probation officer testified concerning Chamberlain's violation of the terms of his community supervision as alleged in Paragraphs 3, 4, and 6. Although Chamberlain testified as to why he had not complied with the terms of his community supervision as alleged by the State in Paragraphs 3, 4, and 6, he did not testify that he had complied with those terms. Because proof of only one violation is sufficient to support a revocation order, because Chamberlain's sole point does not challenge, directly or indirectly, the trial court's findings with regard to his failure to provide proof of employment (Paragraph 3); failure to pay a supervision fee, restitution, and a Crime Stoppers fee (Paragraph 4); and failure to book in to serve eight days' confinement (Paragraph 6), and because the evidence presented at the revocation hearing is sufficient to establish Chamberlain's violation of his community supervision terms as alleged by the State in Paragraphs 3, 4, and 6, we need not address the merits of Chamberlain's sole point. *See Moore*, 605 S.W.2d at 926; *Spindor v. State*, No. 02-07-00017-CR, 2008 WL 4445542, at *1 (Tex. App.—Fort Worth

4

Oct. 2, 2008, pet. ref'd) (mem. op., not designated for publication). We therefore overrule Chamberlain's sole point.

## V. Conclusion

Having overruled Chamberlain's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 20, 2011