**AFFIRM; Opinion Filed May 6, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01707-CR
### No. 05-12-01708-CR

**JOHN RICHARD REYNOLDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law
Rockwall County, Texas
Trial Court Cause Nos. CR11-1548, CR11-1549**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

John Richard Reynolds appeals from the revocation of his community supervision in these cases. In a single issue, appellant contends the trial court abused its discretion by revoking his community supervision. We affirm the trial court's judgment. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Appellant waived a jury and pleaded guilty to possession of marijuana in an amount less than two ounces and possession of alprazolam in an amount less than twenty-eight grams. TEX. HEALTH & SAFETY CODE ANN. §§ 481.117(a), (b), 481.121(a), (b)(1) (West 2010). Pursuant to plea agreements, the trial court assessed punishment at 180 days' confinement in the county jail, probated fifteen months, and fines of $300 and $400, respectively. The State later moved to revoke appellant's community supervision, alleging appellant violated the conditions of community supervision by committing two new offenses: possessing less than one gram of methamphetamine and resisting arrest. Appellant pleaded not true to the allegations in a hearing on the motions.

Forney police officer Mark Atkinson testified Debra Tallas, appellant's mother, called 911 and said appellant was in his room with a gun. When Atkinson and three other officers arrived at the location, Tallas was outside the house "in a frantic" state. Atkinson testified Tallas gave him permission to enter the house and make contact with appellant. Tallas wanted the officers to secure the weapon and she appeared "very concerned" about a weapon. The officers opened the front door, identified themselves as officers, and yelled for appellant to come outside. Appellant initially refused to come outside, but the officers coaxed him to come out onto the front porch. Atkinson testified he attempted to handcuff appellant, for both appellant's safety and the officers' safety, because Tallas had reported seeing a firearm. Appellant pulled away from Atkinson and started fighting. Another officer deployed his Taser and subdued appellant. Atkinson searched appellant for weapons, but he found only a pocket knife on appellant's person. Atkinson testified that when he searched appellant's room, he only found the barrel of a shotgun.

Officer Matthew Hutchins testified he responded to Tallas's house because she had called 911 and said appellant was in his bedroom with a shotgun in his mouth. When Hutchins and other officers arrived at the house, Tallas came outside and said appellant was in his bedroom. Hutchins testified the officers stood at the front door and commanded appellant to come outside. Appellant initially refused, but he eventually came outside after multiple commands. When an officer tried to take appellant into protective custody by cuffing appellant's hands, appellant began struggling. Hutchins testified he ordered another officer to apply his Taser to appellant. After handcuffing appellant, Hutchins went into the house and looked for the shotgun. Hutchins testified that as soon as he entered appellant's bedroom, he saw drug paraphernalia used to smoke or inject methamphetamine scattered throughout the room in plain view. Hutchins searched appellant's room and eventually found a shotgun barrel in the closet. Hutchins testified he found hypodermic needles on the floor by a dresser and a "piece of metal" that had a melted substance on it. Later analysis showed the substance was methamphetamine.

Debra Tallas testified that she had called the police because appellant was attempting suicide and was "incoherent" to her. Tallas testified she heard appellant yelling on the telephone. When she went into his room, she saw appellant with a shotgun in his mouth. Tallas testified she did not remember whether she gave officers consent to go inside the house, and she did not remember if anyone asked her for permission to enter the house.

The trial court granted the State's motions, revoked appellant's community supervision, and assessed punishment in each case at 180 days' confinement in the county jail.

Appellant contends the trial court abused its discretion by revoking his community supervision because the evidence is insufficient to show he committed two new offenses. Appellant asserts the evidence of possession of methamphetamine was illegally obtained from

the residence, and nothing shows he knowingly or intentionally possessed it. He further asserts the evidence was insufficient to show he resisted arrest because the officers were not attempting to arrest appellant but instead were concerned only with safety issues.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id*. at 763–64. In conducting a sufficiency review, a reviewing court considers all evidence, whether properly or improperly admitted at trial, that the fact-finder was permitted to consider. *See Moff v. State,* 131 S.W.3d 485, 488–89 (Tex. Crim. App. 2004).

Hutchins testified the officers had the consent of Tallas to go into the house. Hutchins saw the methamphetamine and drug paraphernalia in plain view when he entered appellant's bedroom. The trial judge was free to accept or reject any and all of the evidence presented by either side. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Viewing the evidence under the appropriate standard, we conclude it is sufficient to support the trial court's finding that appellant committed the new offense of possession of methamphetamine. Thus, the evidence is sufficient to support the trial court's finding that appellant violated the condition of his community supervision. Proof of one violation is sufficient to support the revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980. Therefore, we conclude the trial court did not abuse its discretion in revoking appellant's community supervision in each case. *See Rickels*, 202 S.W.3d at 763; *Sanchez*, 603 S.W.2d at 871. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121707F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN RICHARD REYNOLDS,
Appellant

No. 05-12-01707-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law
of Rockwall County, Texas (Tr.Ct.No.
CR-1548).
Opinion delivered by Justice Lang, Justices
Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered May 6, 2013.

/Douglas S. Lang
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN RICHARD REYNOLDS,
Appellant

No. 05-12-01708-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law
of Rockwall County, Texas (Tr.Ct.No.
CR-1549).
Opinion delivered by Justice Lang, Justices
Myers and Evans participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered May 6, 2013.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE