

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| CHARLES EDWARD KENDRICK, JR., | | No. 08-12-00048-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 396th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC #1199839D) |
| | § | |

## O P I N I O N

Charles Edward Kendrick, Jr. appeals from an order revoking his community supervision and adjudicating him guilty of burglary of a habitation. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

On July 28, 2010, Appellant pled guilty to burglary of a habitation. The trial court entered an order deferring adjudication of guilt and placed him on community supervision for a period of six years. On April 8, 2011, the State filed a petition to revoke community supervision and proceed to adjudication. The State's petition alleged that Appellant committed numerous violations of the terms of his community supervision.

On November 21, 2012, the trial court held a hearing on the State's motion. Appellant pled true to one of the allegations and not true as to five other alleged violations. Specifically, Appellant pled true to violating his community supervision by using cocaine and marijuana.

After hearing all of the evidence, the trial court found all six violations or paragraphs to be true. It then found Appellant guilty of burglary of a habitation and sentenced him to serve ten years in the Texas Department of Criminal Justice Institutional Division.

## STANDARD OF REVIEW

We review a trial court's order revoking community supervision for an abuse of discretion in light of the State's burden of proof. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex.Crim.App. 2013); *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). In a community supervision revocation proceeding, the state must prove a violation of a condition of community supervision by a preponderance of the evidence. *See Hacker,* 389 S.W.3d at 864-65; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). In this context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865, *quoting Rickels*, 202 S.W.3d at 764.

## BURDEN OF PROOF REQUIRED

Appellant does not challenge the sufficiency of the evidence to support the revocation of his community supervision and his adjudication of guilt. Instead, he complains that the trial court erred by failing to require the State to prove the allegations beyond a reasonable doubt standard. Although he acknowledges that the current standard of proof at revocation hearings is the preponderance of the evidence standard, Appellant argues it is too low to comply with the Due Process requirements set forth in Article I, section 19 of the Texas Constitution.

The State initially responds by arguing that Appellant failed to object to the standard of proof at trial, thereby waiving his right to complain of the alleged error on appeal. Generally, to preserve error for appeal, a party must have presented a timely, specific request or objection to

the trial court and obtained a ruling. TEX.R.APP.P. 33.1. Appellant counters that "this denial of his constitutional right was so fundamental in nature as to relieve Appellant from the burden of objection." We need not address whether the constitutionality of Appellant's claim somehow relieves him of his duty to object at the trial court because his claim has no merit, regardless of whether or not he was required to object in order to properly preserve error. Likewise, we do not need to address Appellant's challenges to the constitutionality of the laws relating to the classification of revocation hearings as administrative hearings or the burden of proof required at such hearings.

It is undisputed that Appellant pled true to one of the allegations as alleged in the State's petition to revoke his community supervision and adjudicate his guilt. A single violation of community supervision is sufficient to support revocation of community supervision. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980)(stating that one sufficient ground for revocation is enough to support trial court's decision). Therefore, the fact that Appellant pled true to a violation was alone sufficient to support the trial court's finding of guilt. We overrule Issue One and affirm the trial court's judgment.

August 28, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)