COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| LARRY KELLEY SCOTT A/K/A | | No. 08-13-00036-CR |
| LARRY KELLY SCOTT, | § | |
| | | Appeal from |
| Appellant, | § | |
| | | Criminal District Court No. 4 |
| v. | § | |
| | | of Tarrant County, Texas |
| THE STATE OF TEXAS, | § | |
| | | (TC # 0782108D) |
| Appellee. | § | |

## **O P I N I O N**

Larry Kelley Scott a/k/a Larry Kelly Scott entered a negotiated guilty plea and was placed on community supervision for possessing more than one but less than four grams of methamphetamine. He appeals the trial court's judgment revoking community supervision and imposing a sentence of imprisonment for three years. We affirm.

### **FACTUAL SUMMARY**

In 2001, Appellant entered a negotiated plea of guilty to possession of more than one but less than four grams of methamphetamine and the trial court placed him on deferred adjudication community supervision. Appellant violated the terms and conditions of community supervision and the court entered an adjudication of guilt. In accordance with the plea bargain, the court assessed his punishment at imprisonment for ten years but suspended the sentence and placed him on community supervision for ten years. In 2012, the State moved to revoke community

supervision, alleging that Appellant had used methamphetamine and amphetamine on multiple occasions in 2006, 2007, 2008, and on a single occasion on March 19, 2012. Appellant pled true to all of these violations except for the violation alleged to have occurred on March 19, 2012. The State's motion additionally alleged that Appellant violated the terms and conditions of community supervision by submitting diluted urine on five occasions. Appellant entered a plea of true to each of these violations. At the evidentiary hearing, the State presented evidence showing that a specimen of Appellant's urine taken on March 19, 2012 tested positive for methamphetamine. Appellant presented evidence showing that he has serious health problems including uncontrolled hypertension, coronary artery disease, encephalopathy, vascular dementia, memory loss, and chronic kidney disease. Appellant testified and admitted he had used methamphetamine in the past, but he specifically denied using it on March 19, 2012. During cross-examination, the prosecutor confronted Appellant with his continued use of methamphetamine while on community supervision. Appellant denied using methamphetamine and he could not explain the positive urinalysis results. At the conclusion of the hearing, Appellant's attorney asked the court to not incarcerate Appellant given his serious medical conditions and instead place him under house arrest. The trial court found all of the allegations true and assessed Appellant's punishment at imprisonment for three years.

## DUTY TO WITHDRAW PLEA OF TRUE

In his sole issue, Appellant argues that the trial court abused its discretion by failing to *sua sponte* withdraw Appellant's plea of true to the motion to revoke because his testimony during the revocation hearing reflected that he was confused about the allegations and his plea

and he was really contending that the allegations in the State's petition were not true. As noted by the State, it is well established that a trial court does not have a duty to *sua sponte* withdraw a plea of true even where the probationer takes the stand and raises a defensive issue. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). Even if the law supported Appellant's contention, the error would not be reversible because the revocation order was not based solely on Appellant's plea of true.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his probation. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex.Crim.App. 2006). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Gordon v. State*, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.). Because the State presented evidence establishing that Appellant violated the terms and conditions of probation by using methamphetamine on March 19, 2012, the trial court did not abuse its discretion by revoking community supervision. We overrule Issue One and affirm the judgment of the trial court.

February 4, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J., (Senior Judge)
(Barajas, C.J., Senior Judge, sitting by assignment, not participating)

(Do Not Publish)