**Opinion filed February 5, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00337-CR

_____

## DAVID ADAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR21482**

## MEMORANDUM OPINION

Appellant, David Adams, appeals the judgment in which the trial court revoked his community supervision for a conviction of delivery of a controlled substance. In two issues on appeal, he argues that (1) the evidence was insufficient to prove that he violated any conditions of his community supervision and (2) the

State and trial court violated his due process rights when they failed to inquire into his ability to pay before the court revoked his community supervision. We affirm.

*Background Facts*

Pursuant to a plea agreement, Appellant originally pleaded guilty to the offense of delivery of a controlled substance. The trial court sentenced Appellant to confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years but then probated that sentence and placed Appellant on community supervision for five years.

On September 24, 2012, the State filed a motion to revoke Appellant's community supervision. The State alleged that Appellant violated the terms and conditions of his community supervision in at least nine different ways.

At the hearing on the motion to revoke, Appellant pleaded not true to all of the State's allegations. The State presented evidence that Appellant committed a new criminal offense less than one month after he received community supervision, failed to report for community supervision, and made no payments at all. A code enforcement officer and a city marshal both testified that a marihuana plant was growing on Appellant's property within 150 feet of Appellant's house. The State also offered evidence that Appellant missed two community supervision meetings and failed to make any payments as ordered.

At the conclusion of the hearing, the trial court found all of the State's allegations to be true. The trial court revoked Appellant's community supervision and ordered him to serve his original sentence of confinement for two years.

*Analysis*

In his first issue, Appellant argues that the evidence was insufficient to prove that he had violated any terms of his community supervision. A trial court's decision to revoke community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State has the

burden to show by a preponderance of the evidence that the defendant committed a violation of the conditions of his community supervision. *Id.* at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion if it revokes the community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). Proof of one violation of the terms of community supervision is sufficient to revoke Appellant's community supervision. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

After testimony by both the State and Appellant, the trial court found all of the allegations to be true. There is sufficient evidence to support at least one of the allegations that Appellant violated the terms of his community supervision. Therefore, we conclude that the trial court did not abuse its discretion when it revoked Appellant's community supervision. Appellant's first issue on appeal is overruled.

In his second issue, Appellant argues that his due process rights were violated because the State did not present evidence of Appellant's ability, or inability, to pay. However, as the evidence is sufficient to prove that Appellant violated at least one of the other terms of his community supervision—a term unrelated to his failure to pay, the trial court did not abuse its discretion when it revoked his community supervision. *Sanchez*, 603 S.W.2d at 871. Thus, we need not consider Appellant's due process contention. When a trial court finds several violations of community supervision conditions, we affirm the revocation order if the proof of any single allegation is sufficient. *Id.*; *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd).

Furthermore, Appellant did not raise this issue at the hearing on the motion to revoke or in a motion for new trial. We have previously held that the failure to present this due process argument in the trial court results in a waiver of the error on appeal. *Johnson v. State*, No. 11-11-00004-CR, 2012 WL 3891621, at *2 (Tex. App.—Eastland Sept. 6, 2012, pet. ref'd) (mem. op., not designated for publication); *see* TEX. R. APP. P. 33.1(a) (stating that, as a prerequisite to presenting a complaint for appellate review, a timely request, objection, or motion must be made and ruled upon by the trial court); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (finding that a due process complaint can be waived on appeal). Accordingly, Appellant waived his due process issue when he failed to raise it in the trial court. Appellant's second issue on appeal is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

February 5, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.