**Affirmed as Modified; Opinion Filed April 6, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-14-00775-CR
No. 05-14-00776-CR

**DERRITH LASHUN ROBERTSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-60961-V, F11-60962-V**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Justice Evans

Derrith Lashun Robertson appeals his convictions, following the adjudication of his guilt, for two aggravated robberies. In two issues, appellant contends the trial court abused its discretion in determining he violated the terms of his community supervision and the judgments should be modified to show there were no plea bargains as to the motions to adjudicate. We modify the trial court's judgments adjudicating guilt and affirm as modified.

BACKGROUND

Appellant waived a jury and pleaded guilty to two aggravated robbery with a deadly weapon offenses. *See* TEX. PENAL CODE ANN. § 29.03(a) (West 2011). Pursuant to plea

agreements, the trial court deferred adjudicating guilt and placed appellant on eight years' community supervision in each case. The State later moved to adjudicate guilt, alleging appellant violated the conditions of his community supervision, including Condition (a) by intentionally and knowingly fleeing from police officers in a motor vehicle while officers were attempting to arrest or detain appellant; Condition (d) by failing to report as directed; and Condition (v) by failing to report in person for orientation.

During the adjudication hearing, probation officer Carol Sanders testified she gave appellant the conditions of community supervision, explained them to him, and had appellant sign them. Sanders testified appellant was placed on probation on October 2, 2012. Appellant failed to report as directed and never attended any appointment set by the probation department for October, November, or December 2012. The original motions to adjudicate and arrest warrants were issued on December 21, 2012. Amended motions to adjudicate were filed on July 1, 2013. Sanders testified the probation department tried to contact appellant via telephone, but did not go to his physical address.

Department of Public Safety trooper Gerardo Hinojosa testified that on April 19, 2013, he observed a minivan with a non-functioning headlight driving on Interstate 20 in Kaufman County. When Hinojosa tried to initiate a traffic stop, the minivan took off at a high rate of speed. Hinojosa pursued the minivan with the patrol car's lights and siren activated. Several other patrol units and a police helicopter joined the pursuit. The minivan averaged speeds between 100 and 115 mph through several cities. Hinojosa testified that when the helicopter joined the pursuit, he concentrated on driving and did not see who was driving the minivan or when the occupants jumped from the vehicle. Other officers apprehended appellant and two other individuals who had jumped out of the minivan. Hinojosa testified appellant was wearing

an orange shirt when he was apprehended. After talking with the occupants of the minivan and the officers who apprehended them, Hinojosa determined that appellant was the driver. A videotape from the patrol car's camera was admitted into evidence.

Garland police officer Clay Lacy testified he flew the helicopter during the pursuit of the minivan. A videotape from the helicopter's camera was admitted into evidence. Lacy testified the camera stayed on the driver of the minivan, a man wearing an orange shirt. The camera shows the driver jumped out of the vehicle while it was still moving and was apprehended by officers.

Appellant testified he never went to orientation and failed to report as directed because his father kicked him out of the house and he had to move "out of my boundaries." Appellant "stayed with a friend" in Kaufman County, but did not notify the probation department about his new address. Appellant denied driving the minivan. He testified he was in the back seat on the right side, and the juvenile who was arrested with him was driving the minivan. Appellant further testified he was wearing a black shirt and black pants when arrested.

The trial court found the allegations in the motions to adjudicate true, adjudicated appellant guilty of the two aggravated robberies, and sentenced him to five years' imprisonment in each case.

APPLICABLE LAW

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id*. at 763–64.

A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, to prevail on appeal, appellant must successfully challenge all of the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

## DISCUSSION

Appellant contends the evidence was insufficient to support the adjudication of his guilt because he had an affirmative defense to not reporting as directed: officers had not attempted to contact him in person at his last known address pursuant to article 42.12, section 24 of the Texas Code of Criminal Procedure. Appellant also argues the State failed to prove he fled from officers in a motor vehicle because he was not driving the minivan. The State responds the trial court did not abuse its discretion in adjudicating appellant guilty because the evidence shows appellant intentionally evaded law enforcement with a motor vehicle.

Although appellant testified he was wearing a black shirt and was not driving the minivan, Lacy testified the man wearing an orange shirt was driving the minivan, and Hinojosa testified that appellant was wearing an orange shirt when he was arrested. It was the trial court's role, as fact finder, to resolve the conflicts in the evidence. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Reviewing the evidence under the appropriate standard, we conclude it is sufficient to support the trial court's finding that appellant violated his community supervision by intentionally fleeing from law enforcement in a motor vehicle. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating appellant's guilt. *See Rickels*, 202 S.W.3d at 763; *Sanchez*, 603 S.W.2d at 871. Because proof of one violation is sufficient, we do not address appellant's challenge to the

sufficiency of the evidence to support the finding he failed to report. *See Sanchez*, 603 S.W.2d at 871. We overrule appellant's first issue.

MODIFY JUDGMENTS

In his second issue, appellant contends the judgments adjudicating guilt should be modified to show there were no plea bargain agreements as to the motions to adjudicate. The State agrees the judgments should be modified as appellant requested. The judgments adjudicating guilt incorrectly state the terms of plea bargain as "5 years TDC No Fine." We sustain appellant's second issue.

We modify the judgments adjudicating guilt to show there are no terms of plea bargain. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments adjudicating guilt.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140775F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DERRITH LASHUN ROBERTSON, Appellant

No. 05-14-00775-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 292nd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F11-60961-V).
Opinion delivered by Justice Evans, Chief Justice Wright and Justice Myers participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 6th day of April, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DERRITH LASHUN ROBERTSON,
Appellant

No. 05-14-00776-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 292nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-60962-V).
Opinion delivered by Justice Evans, Chief
Justice Wright and Justice Myers
participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 6th day of April, 2015.