

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00425-CR

TIMOTHY EARL MANGRAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A19552-1310, Honorable Robert W. Kinkaid, Jr., Presiding

June 30, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Timothy Earl Mangram, entered a plea of guilty on February 12, 2014, to the offense of theft of property with a value of $1,500 or more but less than $20,000.[1] Pursuant to a plea agreement, the trial court found the evidence sufficient to find appellant guilty; however, the trial court deferred final adjudication and placed appellant on community supervision for a period of five years. Subsequently, on April 14, 2014, the State filed a motion to adjudicate appellant guilty. Trial on the State's motion

---

[1] See TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West Supp. 2014).

occurred on November 7, 2014, and appellant entered a plea of true to one allegation contained in the State's motion to adjudicate. Ultimately, the trial court found all six allegations true and, after a separate punishment hearing, assessed appellant's punishment at confinement in a State Jail Facility for 20 months. Appellant appeals the trial court's judgment. We will affirm.

Appellant's attorney has filed an *Anders* brief and a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744-45. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment.

By his *Anders* brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.[2]

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.

Counsel has certified that he has provided appellant a copy of the *Anders* brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). The Court has also advised appellant of his right to file a *pro se* response. Additionally, appellant's counsel has certified that he has provided appellant a copy of the record to use in preparation of a *pro se response. See Kelly v. State,* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant has filed a response.

We have reviewed this response by appellant. We have found no arguable grounds contained in the response. Appellant's sole contention is that the State alleged more instances of failing to meet curfew than actually occurred. However, appellant does not address any of the other terms and conditions of community supervision that the State's motion to adjudicate addresses. Proof of violation of a single term and condition of community supervision is sufficient to support a trial court's decision to adjudicate. *See Sanchez v. State,* 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Accordingly, appellant fails to raise an arguable ground in his response.

Counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish.