**Affirm and Opinion Filed May 13, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-20-00336-CR
No. 05-20-00482-CR

**DALTON LAMONT CROSS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-45539-J and F18-59761-J**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Pedersen, III

Appellant Dalton Lamont Cross appeals the trial court's judgments revoking his community supervision in two cases. In our case number 05-20-00336—in which appellant had previously been found guilty of theft of property valued at less than $2500—the trial court assessed appellant's punishment at six years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ).[1] In our case number 05-20-00482-CR—in which appellant had previously been found

---

[1] Our case number 05-20-00336 corresponds with trial court case number F17-45539-J.

guilty of possession of less than one gram of methamphetamine—the trial court assessed appellant's punishment at two years' confinement in the State Jail Division of TDCJ.[2] In two issues, appellant argues (1) the trial court abused its discretion when it revoked appellant's community supervision based on insufficient evidence, and (2) the trial court erroneously imposed duplicative court costs. We affirm the trial court's judgments.

## Background

In 2017, appellant was indicted for theft of property valued at less than $2500; he was accused of stealing cartons of cigarettes from a Kroger store. He pleaded guilty to the theft charge and true to two enhancement offenses. The trial court assessed punishment at six years' confinement and a $750 fine, but it suspended both and placed appellant on community supervision for three years. As a condition of his supervision, appellant was required to undergo treatment in a Substance Abuse Felony Punishment Facility (SAFPF).

In 2019, while on community supervision for the theft case, appellant was charged with possession of less than one gram of methamphetamine; again he pleaded guilty. The trial court assessed his punishment at twenty-four months' confinement and then suspended that sentence as well, placing appellant on community supervision for two years. At the same time, the court continued

---

[2] Our case number 05-20-00482 corresponds with trial court case number F18-59761-J.

appellant's supervision in the theft case and signed an order modifying his supervision conditions. In both cases, appellant was required to participate in a Drug/Alcohol Continuum of Care treatment plan following his release from the SAFPF until being successfully discharged from the program.

In December 2019, the State filed motions to revoke appellant's community supervision in both cases. As to appellant's community supervision on the theft conviction, the State alleged violations of eight conditions, including failure to pay required costs and fees, failure to perform required community service, failure to participate in and complete an Anti-Theft Program, and failure to successfully complete the post-SAFPF aftercare program. On his possession of methamphetamine supervision, the State alleged seven violations, including failure to pay required costs and fees, failure to perform required community service, failure to submit a non-diluted urine sample as ordered, and failure to successfully complete the post-SAFPF aftercare program. In both alleged violations of this aftercare condition, the State contended that appellant failed to adhere to all rules and regulations of the treatment plan and "absconded" from the program, leading to his unsuccessful discharge.

At the revocation hearing, court officer Mikki Lucas testified that he served appellant with both sets of his conditions of community service. Supervision officer Dominique Berry testified that she monitored clients during the time they were in the SAFPF unit and through their aftercare in a halfway house. She supervised

appellant during his aftercare. She testified that he had behavioral issues at the halfway house, including failing to obey the staff, using vulgar language, being disrespectful toward his peers, threatening individuals, and intimidating staff and peers as well. He was unsuccessfully discharged because he left the facility without authorization and did not return. Berry stated that appellant never contacted anyone in the program after he left. She reached out to him but never was able to make contact successfully.

Appellant testified at the hearing. He stressed that he never failed a drug test while he was in the program and that he had not been charged with any criminal offenses after the possession arrest. He acknowledged that he left the halfway house without authorization, but he testified he was "upset" when he was told he could not go to work that night. He asked the court to continue him on community supervision.

The trial court found two violations of conditions in each case and revoked appellant's community supervision.[3] It assessed his punishment at six years' confinement in the theft case and two years' confinement in the possession case, to be served concurrently. And it assessed court costs of $393.

This appeal followed.

---

[3] In case F17-45539-J, the trial court found that appellant did not complete the Anti-Theft program (condition P), and in case F18-59761-J, it found that appellant did not submit a urine sample when requested. In both cases, it found that appellant did not successfully complete the aftercare program (conditions W and Q, respectively).

–4–

**Revocation of Community Supervision**

In appellant's first issue, he argues that the trial court abused its discretion by revoking his community supervision because the evidence is insufficient to support revocation. We review the trial court's ruling for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State's burden of proof at a revocation hearing is to show by a preponderance of the evidence that a defendant violated the terms of his community supervision, meaning that the greater weight of the credible evidence must create a reasonable belief that the defendant has violated a condition of his community supervision. *See id.* at 763–64. We view the evidence in the light most favorable to the trial court's ruling, bearing in mind that the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Newhouse v. State*, No. 05-14-01628-CR, 2015 WL 7720462, at *2 (Tex. App.—Dallas Nov. 30, 2015, no pet.) (mem. op., not designated for publication) (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). Likewise, we assume that the trial court resolved conflicts in the testimony and drew reasonable inferences in a manner that supports its ruling. *Garrett*, 619 S.W.2d at 174. A finding of a single violation of community supervision is sufficient to support revocation. *Cherry v. State*, No. 05-10-00751-CR, 2011 WL 783634, at *1 (Tex. App.—Dallas Mar. 8, 2011, no pet.) (mem. op., not designated for publication) (citing *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980)).

Appellant's conditions of community supervision in both the theft case and the possession case included this requirement:

> Defendant shall participate in a drug/alcohol continuum of care treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse under the code of Criminal Procedure, Article 42A, Sec. 303, for defendants who are released from the Substance Abuse Felony Punishment Facility RELAPSE Program, and the defendant will adhere to all rules and regulations of said treatment plan until discharged by the staff of the continuum of care program with the concurrence of the Dallas County SAFPF Coordinator. To be completed as out-patient aftercare treatment.

Appellant argues that the State failed to prove he was aware that his leaving the halfway house was unauthorized, but he testified his counselor told him that morning he could not go to work that day. He stated that Berry was on vacation so he called the acting officer and told her "they been having it out for me since I been here." He testified that she told him: "Cross, go back in right now," and he "went back in there" and tried to talk to his counselor because he wanted to go to work. And although he agreed that "at the end of the day" no one told him he was not allowed to go to work, he also agreed that he "took it upon [himself] to leave."

Appellant also complains that the State did not show the efforts made to contact appellant after he left. Berry testified that she attempted to reach him by contacting the emergency references the program had listed for him as well as any previous references that had been made. Moreover, appellant cites no authority requiring program officers to locate him when he bore the obligation of participating in the program until successful discharge. Similarly, appellant argues the State failed

to provide documentation establishing that he was unsuccessfully discharged. Appellant cites no authority for such an obligation, and we are aware of none. Berry testified that she was notified by the facility that he had absconded. Her testimony was sufficient to evidence that he had been unsuccessfully discharged.

In the end, ample evidence supports the trial court's finding of a violation of the aftercare condition. Berry testified to appellant's frequent failures to adhere to the rules and regulations of the treatment plan. And she testified that appellant left the program without authorization. Appellant acknowledged that he left the facility when his counselor told him he could not, and he never went back. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the greater weight of the credible evidence supports a reasonable belief that appellant violated this condition of his community supervision. *See Rickels*, 202 S.W.3d at 763–64.

We discern no abuse of discretion in the trial court's revocation rulings. We overrule appellant's first issue.

## Assessment of Court Costs

In his second issue, appellant contends the trial court erroneously assessed duplicative court costs after revoking his community supervision. He asks us to delete the cost assessment associated with the possession of methamphetamine case.

The parties agree that this issue is governed by the Texas Code of Criminal Procedure, which provides:

–7–

> In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offenses, the court may assess each court cost or fee only once against the defendant.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The parties disagree as to when the costs were assessed.

Appellant contends that when the trial court placed him on community supervision, it assessed costs in the theft case at $249 and in the possession case at $309. He asserts that different and larger amounts were assessed at revocation: $349 in the theft case and $393 in the possession case. He argues the cases were consolidated for the revocation hearing and contends the trial court should, therefore, have assessed only the amount for the greater offense, i.e., $349 for the theft offense. *See id.* art. 102703(b) ("each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions").

The State establishes through documents in the record that the larger figures cited by appellant—$349 in the theft case and $393 in the possession case—were actually the total costs assessed following his two original convictions. No additional costs were assessed on account of the revocation proceeding. Accordingly—even if we viewed the revocation proceeding as one in which appellant was "convicted of two or more offenses"—the two amounts would not have been assessed in a single criminal proceeding. Thus, the trial court did not err in assessing costs assessed in the different, earlier proceedings.

We overrule appellant's second issue.

## Modification of Judgment

In a single cross-issue, the State asks us to modify the judgment in case 05-20-00482-CR, the possession of methamphetamine case, which identifies only one condition of community supervision that was violated, condition Q. It appears that the trial court agreed that appellant violated both condition Q and condition N. When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(B); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Accordingly, we sustain the State's cross-issue. We modify the judgment in case number 05-20-00482-CR (trial court case number F18-59761-J) to state: "Defendant violated the following conditions of community supervision:  N, Q."

## Conclusion

We affirm the trial court's judgment in case number 05-20-00336-CV. As modified, we affirm the trial court's judgment in case number 05-20-00482-CR.

200336f.u05
200482f.u05
Do Not Publish
TEX. R. APP. P. 47

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DALTON LAMONT CROSS,
Appellant

No. 05-20-00336-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F17-45539-J.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 13th day of May, 2022.



## Court of Appeals
### Fifth District of Texas at Dallas

## JUDGMENT

DALTON LAMONT CROSS,
Appellant

No. 05-20-00482-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F18-59761-J.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** to state:

Defendant violated the following conditions of community supervision:
N, Q.

As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2022.